## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Ashley Huff and Gregory Rapp, individually and on behalf of all others similarly situated, </br></br>  Plaintiffs, </br></br> v. </br></br> CoreCivic, Inc., f/k/a Corrections Corporation of America, </br></br> and </br></br> Securus Technologies, Inc. </br></br> Defendants. | Case No. </br></br> JURY TRIAL REQUESTED |

## **COMPLAINT**

COME NOW Plaintiffs Ashley Huff and Gregory Rapp, by and through counsel, and for their causes of action against CoreCivic, Inc., f/k/a Corrections Corporation of America, and Securus Technologies, Inc., state as follows:

### **NATURE OF THE CASE**

Plaintiffs were formerly held by the United States Marshal Service at a private detention facility in Leavenworth, Kansas ("CCA-Leavenworth") operated by Defendants. As detainees, Plaintiffs Huff and Rapp were allowed to make phone calls to their attorneys in Kansas and Missouri. As alleged herein, Defendants improperly and without authorization or consent by Plaintiffs, recorded confidential phone calls and meetings between detainees, including Plaintiffs Huff and Rapp, and their attorneys. Plaintiffs bring this lawsuit on behalf of themselves and all others similarly situated against Defendants for violations of the Kansas, Missouri and federal wiretapping statutes.

15

## PARTIES

1. Plaintiff Ashley Huff is an individual, and was held at CCA-Leavenworth.

2. Plaintiff Gregory Rapp is an individual that resides in Johnson County, Kansas, and was held at CCA-Leavenworth.

3. Defendant CoreCivic, Inc. ("CCA") (formerly known as Corrections Corporation of America, Inc.) is a Maryland corporation registered to transact business in Kansas, transacting business in Missouri and available for service of process via registered agent National Registered Agents, Inc., 300-B E. High Street, Jefferson City, Missouri 65101.

4. CCA is a private corrections management company that manages prisons, jails and detention facilities, including CCA-Leavenworth.

5. Defendant Securus Technologies, Inc. ("Securus") is a Delaware corporation that is registered to transact business in Kansas and Missouri, and available for service of process via registered agent National Registered Agents, Inc. 120 S. Central Avenue, Clayton, Missouri 63105.

6. Securus contracts with prisons and jails across the nation, including CCA-Leavenworth, to provide telephone and video conferencing services for detainees.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because:

a. This is a civil action filed pursuant to Fed. R. Civ. P. 23 brought by one or more representative persons as a class action;

b. The amount in controversy of all class members in the aggregate is believed to exceed the sum or value of $5,000,000.00, exclusive of interest and costs;

c. Many members of the putative class are citizens of states other than Delaware and Maryland, the states of Defendants' residency, and

d. All other factual conditions precedent necessary to empower this Court with subject matter jurisdiction and personal jurisdiction have been satisfied.

16

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District, and Defendants transact substantial business in this District and have sufficient contacts with this District to justify being fairly brought into this District.

## FACTUAL ALLEGATIONS

9. Defendant CCA is a private, for-profit corporation that manages detention facilities, including CCA-Leavenworth. The United States Marshal's Service uses detention facilities operated and managed by CCA, including CCA-Leavenworth, to house federal inmates charged in the Western District of Missouri.

10. CCA-Leavenworth's phone and videoconference services are provided by Securus. Securus charges families and others a fee for speaking to a detainee. It shares those proceeds with CCA-Leavenworth, which creates profit for both entities.

11. Plaintiffs were detained through a Pretrial Order of Detention issued by a United States Magistrate Judge, and remanded to the custody of the United States Marshal Service to be held pending resolution of their criminal cases.

12. Plaintiff Huff was remanded to the custody of United States Marshal Service through a Pretrial Detention Order entered in *United States v. Gregory Rapp, et al.*, Case No. 14-cv-20067-DJW, and was detained at CCA-Leavenworth on or about October 6, 2015. During the course of representation, Plaintiff Huff had numerous conversations with her attorney, both telephonically and in-person.

13. Plaintiff Rapp was remanded to the custody of United States Marshal Service through a Pretrial Detention Order entered in *United States v. Gregory Rapp, et al.*, Case No. 14-cv-20067-DJW, and was detained at CCA-Leavenworth on or about August 14, 2014. During the course of representation, Plaintiff Rapp had numerous conversations with his attorney, both

17

telephonically and in-person.

14. Detainees, including Plaintiffs Huff and Rapp, routinely contact their attorneys by phone and/or in person to discuss confidential matters. They do so with the understanding that their conversations are private. Similarly, detainees understand that in-person and remote conversations with their attorneys are confidential and not recorded.

15. Plaintiffs Huff and Rapp routinely communicate with their attorneys both in person and also from locations in Kansas City, Missouri.

16. Plaintiffs Huff and Rapp made calls to their attorneys' cellular phone. Plaintiff Huff and Rapp would use a prepaid phone card to call their attorneys. Upon information and belief, some or all of the calls to or from Plaintiffs occurred in the States of Kansas and Missouri.

17. Upon information and belief, Defendants recorded communications between detainees at CCA-Leavenworth and the outside world. The equipment they used to intercept, record, and/or share detainees' calls neither facilitates those telephone calls and in-person meetings, nor were the recordings a necessary incident of the calls and meetings.

18. Upon information and belief, during in-person meetings between attorneys and their client/detainees, CCA and/or Securus also routinely recorded those meetings, without either the consent of either attorneys or their client/detainees. Video cameras were placed in attorney/client visitation rooms and those video cameras recorded communications between the attorneys and their client/detainees.

19. Courts in the District of Kansas have issued orders noting the extent to which CCA and Securus were involved in the systematic accessing and recording of attorney-client conversations at CCA-Leavenworth. *See* exhibits A and B attached hereto.

20. Defendants had no legitimate reason to record calls between detainees and their attorneys – the recordings do nothing to further the facilities' security or public safety.

18

21. CCA and/or Securus were aware that they were operating a system that captured and recorded confidential attorney-client communications.

22. Plaintiffs were, and current detainees are, at substantial risk of having their attorney calls and meetings monitored, recorded and used against them to prejudice their cases.

23. The unlawful practices and procedures of Defendants described above affected all detainees at CCA-Leavenworth.

## CLASS ACTION ALLEGATIONS

24. Unless otherwise specifically stated herein, and pursuant to Fed. R. Civ. P. 23(b)(3), this action is instituted by Plaintiffs on behalf of themselves and

> All detainees at CCA-Leavenworth, from June 1, 2012 to the present whose confidential communications with their attorneys were intercepted, disclosed or used by Defendants.

25. Upon information and belief, the class referenced above includes hundreds of putative class members residing in Missouri and Kansas and therefore, the class is so numerous that joinder of all members of the class would be impractical.

26. The claims for relief asserted herein on behalf of Plaintiffs and the putative class members present questions of law and fact common to the class, including:

   a. Whether Defendants have been intercepting the attorney-client communications of Plaintiffs and the Class;

   b. Whether Defendants have been disclosing the attorney-client communications of Plaintiffs and the Class;

   c. Whether Defendants have been using the attorney-client communications of Plaintiffs and the Class;

   d. Whether Defendants' policies and practices described within this Complaint were unlawful;

   e. Whether Defendants' actions were willful and/or intentional within the meaning of the applicable wiretap statutes;

   f. The amount of damages appropriate for Plaintiffs and the Class, and

g.  Whether injunctive relief is warranted to prevent Defendants from causing future harm.

27. The claims of the Plaintiffs are typical of the claims of the putative class in that:

a.  Plaintiffs and the putative class members were all detained at CCA-Leavenworth;

b.  Plaintiffs and the putative class members were all subjected to the same unlawful wiretapping policies and procedures of Defendants, and

c.  The facts common to Plaintiffs and the putative class members give rise to the same claims asserted in this Complaint.

28. Plaintiffs, as representatives for the putative class, will fairly and adequately protect the interests of the putative class because:

a.  Plaintiffs have knowledge regarding the facts and circumstances that give rise to their claims and the claims of the putative class members;

b.  Plaintiffs are strongly interested and highly motivated to assert and protect their own rights and the rights of the putative class in a vigorous fashion; and

c.  Plaintiffs have retained class counsel with substantial experience and expertise in class actions, commercial litigation and business litigation and which have the necessary and requisite resources. These law firms will vigorously assert and protect the interests of the putative class members.

29. The questions of law and/or fact common to Plaintiffs and the putative class members predominate over any questions affecting only individual members of the class, and a class action as asserted herein is superior to other available methods for the fair and efficient adjudication of this controversy, in that, among other elements:

a.  The interests of Plaintiffs and the interests of individual class members in controlling the prosecution of separate actions are outweighed by the advantages of adjudicating the common issues of fact and law by means of a class action;

b.  Upon information and belief, there are no pending certified class actions concerning the controversy at issue or the claims asserted in this case applicable to Plaintiffs, or the putative class members set forth herein;

c.  Concentrating litigation of these claims in this forum is desirable because it will prevent and avoid a duplication of effort and the possibility of inconsistent results, and this forum represents an appropriate forum to settle the controversy based on the location of Plaintiffs, the spread of putative class members and the location where the unlawful wiretap conduct occurred, and

d.   Any difficulties that may be encountered in management of the class are greatly outweighed by the difficulties of handling multiple actions by individual class members; this class action is a superior method because it furthers judicial economy and efficiency and is in the best interests of Plaintiffs and the putative class members.

## COUNT I

### Violations of the Missouri Wiretap Statutes

30.   Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint.

31.   The Missouri wiretap statute broadly prohibits the interception, disclosure or use of any wire, oral or electronic communication.

32.   Defendants have violated (and may continue to violate) detainees' rights under the Missouri Wiretap statute. The individual Plaintiffs, and all class members, are directly affected.

33.   CCA and Securus have acted (and continue to act) unlawfully to intercept communications between Class members, like Plaintiffs, and their attorneys, and disclose those confidential communications to third parties, including law enforcement, in violation of the Act.

34.   CCA and Securus violate the Missouri Wiretap Act when they intercept, disclose, use, or procure other persons to intercept, disclose or uses communications between class members, like Plaintiffs, and their attorneys. *See* R.S.Mo. § 542.418.

35.   Plaintiffs are entitled to the rights, protections, and benefits provided under the Missouri Wiretap Act, codified at R.S.Mo. §§ 542.400 *et seq.*

36.   Defendants are Persons within the meaning of the Missouri Wiretap statute.

37.   Plaintiffs and the putative class are "aggrieved persons" within the meaning of the Missouri Wiretap statute.

38.   As set forth herein, Defendants unlawfully recorded confidential communications between Plaintiffs, the putative class and their attorneys.

39.   Upon information and belief, in some cases the Defendants disclosed class members' confidential communications to third parties, such as law enforcement, in further violation of the

21

Missouri Wiretap statute.

40. Pursuant to the Missouri Wiretap Act, Plaintiffs and the Class Members are each entitled to damages not less than one hundred dollars a day for each day of violation or ten thousand dollars, whichever is greater.

41. Plaintiffs and the Class Members are entitled to punitive damages. Defendants' conduct has at all times been willful or intentional within the meaning of the Missouri Wiretap statute. Defendant is also liable pursuant to R.S.Mo. § 542.418 for Plaintiffs' attorneys' fees and costs/expenses incurred in this action.

42. The Plaintiffs and the Class Members are all similarly situated in that they were all subject to Defendants' policy and practice of recording confidential attorney-client communications without consent of either party, in violation of the Missouri Wiretap statute.

## COUNT II

### Violation of the Kansas Wiretap Statutes

43. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint.

44. The Kansas wiretap statute broadly prohibits the interception, disclosure or use of any wire, oral or electronic communication.

45. Defendants have violated (and may continue to violate) detainees' rights under the Kansas Wiretap statute. The individual Plaintiffs, and all class members, are directly affected.

46. CCA and Securus have acted (and continue to act) unlawfully to intercept communications between Class members, like Plaintiffs, and their attorneys, and disclose those confidential communications to third parties, including law enforcement, in violation of the Act.

47. CCA and Securus violate the Kansas Wiretap Act when they intercept, disclose, use, or procure other persons to intercept, disclose or uses communications between class members, like Plaintiffs, and their attorneys. *See* K.S.A. § 22-2518.

48. Plaintiffs are entitled to the rights, protections, and benefits provided under the Kansas Wiretap Act, codified at K.S.A. §22-2502, *et seq.*

49. Defendants are Persons within the meaning of the Kansas Wiretap statute.

50. Plaintiffs and the putative class are "aggrieved persons" within the meaning of the Kansas Wiretap statute.

51. As set forth herein, Defendants unlawfully recorded confidential communications between Plaintiffs, the putative class and their attorneys.

52. Upon information and belief, in some cases the Defendants disclosed class members' confidential communications to third parties, such as law enforcement, in further violation of the Kansas Wiretap statute.

53. Pursuant to the Kansas Wiretap Act, Plaintiffs and the Class Members are entitled to damages, but not less than liquidated damages computed of one hundred dollars a day for each day of violation or ten thousand dollars, whichever is greater.

54. Plaintiffs and the Class Members are further entitled to punitive damages.

55. Defendants are liable pursuant to K.S.A. 22-2518 for Plaintiffs' attorneys' fees and costs/expenses incurred in this action.

56. The Plaintiffs and the Class Members are all similarly situated in that they were all subject to Defendants' policy and practice of recording confidential attorney-client communications without consent of either party, in violation of the Kansas Wiretap statute.

## COUNT III

### Violation of the Federal Wiretap Statute (18 U.S.C. § 2510, *et. seq.*)

57. The Federal Wiretap Act broadly prohibits intercepting, disclosing, or using the contents of any wire, oral, or electronic communication.

58. Defendants have violated detainees' rights under the Federal Wiretap Act. The

individual Plaintiffs, and the putative class members, are directly affected.

59. CCA and/or Securus have acted unlawfully to intercept communications between Class members, like Plaintiffs, and their attorneys, and possibly disclosed those confidential communications to third parties, including prosecutors, in violation of the Act.

60. Defendants violate the Federal Wiretap Act when they:

- Intentionally intercept, disclose, use, or procure other persons to intercept, disclose or use wire oral or electronic communications (including, but not limited to phone calls and in-person meetings) between Plaintiffs and the putative class and their attorneys.

- Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511.

18 U.S.C. § 2511.

61. Plaintiffs are entitled to the rights, protections, and benefits provided under the Federal Wiretap Act, codified at 18 U.S.C. § 2511, *et seq.*

62. Defendants are Persons within the meaning of the Federal Wiretap statute.

63. Plaintiffs and the putative class are "aggrieved persons" within the meaning of the Federal Wiretap statute.

64. Pursuant to the Federal Wiretap Act, Plaintiffs and the Class Members are entitled to damages, but not less than actual damages suffered by the Plaintiffs and any profits made by Defendants as a result of the violation, or liquidated damages computed of one hundred dollars a day for each day of violation or ten thousand dollars, whichever is greater.

65. Plaintiffs and the Class Members are further entitled to punitive damages.

66. Defendants are liable pursuant to 18 U.S.C. § 2520 for Plaintiffs' attorneys' fees and costs/expenses incurred in this action.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues stated herein, and all issues so triable.

WHEREFORE, Plaintiffs pray for the relief set forth above, for their costs and expenses for bringing suit, and for such other and further relief the Court or the trier of fact deems appropriate.

Respectfully submitted,

__/s/ Joseph A. Kronawitter_____
Robert A. Horn
Joseph A. Kronawitter        KS #19665
HORN AYLWARD & BANDY, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
Telephone: (816) 421-0700
rhorn@hab-law.com
jkronawitter@hab-law.com

Brian Timothy Meyers
Brian C. McCart
LAW OFFICES OF BRIAN TIMOTHY MEYERS
1044 Main Street, Suite 400
Kansas City, Missouri 64105
Telephone: (816) 842-0006
btmeyers@btm-law.com
bmccart@btm-law.com

ATTORNEYS FOR PLAINTIFFS