## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ASHLEY HUFF AND GREGORY RAPP,**
**Individually and on behalf of all others similarly**
**situated,**

      **Plaintiffs,**

      **v.**

**CORECIVIC, INC. F/K/A CORRECTIONS**
**CORPORATION OF AMERICA, AND**
**SECURUS TECHNOLOGIES,**

      **Defendants.**

**Case No. 17-2320-JAR-JPO**

## MEMORANDUM AND ORDER

Plaintiffs bring this action against Defendants CoreCivic, Inc. ("CoreCivic") and Securus

Technologies ("Securus"), alleging violations of the Missouri, Kansas, and Federal Wiretap

Acts.  This matter comes before the Court on Defendant CoreCivic's Motion to Dismiss Count I

of Complaint, or in the Alternative for Summary Judgment (Doc. 29), and Defendant Securus'

Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(6) (Doc. 31).  The motions are

fully briefed and the Court is prepared to rule.  For the reasons explained below, the Court grants

CoreCivic's motion, and grants in part and denies in part Securus' motion.

## I.      Legal Standard

To survive a motion to dismiss for failure to state a claim, a complaint must present

factual allegations, assumed to be true, that "raise a right to relief above the speculative level"

and must contain "enough facts to state a claim to relief that is plausible on its face."[1]  Under this

standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable

---

[1]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

likelihood of mustering factual support for *these* claims."[2]   The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[3] but requires more than "a sheer possibility."[4]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*[5] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[6]   *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process.  For purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[8]   Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[9]   Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[10]   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[2]*Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[3]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4]*Id.*

[5]550 U.S. 544 (2007).

[6]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[7]*Id.* (citing *Twombly*, 550 U.S. at 556).

[8]*Iqbal*, 556 U.S. at 678.

[9]*Id.* at 678–79.

[10]*Id.* at 679.

misconduct alleged."[11]

## II.   Factual Allegations

Defendant CoreCivic is a private, for-profit corporation that manages detention facilities, including the CoreCivic Detention Center in Leavenworth, Kansas ("CoreCivic Leavenworth"). The United States Marshal's Service contracts with CoreCivic detention facilities, including CoreCivic Leavenworth, to house inmates charged with federal offenses in the Western District of Missouri and District of Kansas.  Defendant Securus provides CoreCivic's telephone and videoconference services.   Plaintiffs Gregory Rapp and Ashley Huff were charged with criminal offenses and detained at the CoreCivic Leavenworth facility pending trial beginning in August 2014 and October 2015, respectively.

While they were detained at CoreCivic, Plaintiffs had conversations with their attorneys in person and over telephones located at CoreCivic Leavenworth.  These calls were made to attorneys in Kansas and Missouri.  Plaintiffs and other detainees believed these conversations were private, confidential, and not recorded.  Defendants, however, recorded both in-person and telephone conversations between inmates and their attorneys.  Defendants were aware that they were operating a system that captured and recorded attorney-client communications.  Although the reason for the recordings was the safety of the facility, recording the attorney-client calls did not further the facilities' security or public safety.

## III.   Discussion

Defendants argue that Plaintiffs fail to state a claim under the Missouri Wiretap Act because the alleged interception of attorney-client communications occurred outside Missouri. Additionally, Securus argues that Plaintiffs fail to state claims under any wiretap statute because

---

[11]*Id.* at 678.

the "business extension exception" applies to the wiretap claims.  The Court addresses each argument in turn.

### A.      Missouri Wiretap Act

Defendants argue that Plaintiffs' Count I claim under the Missouri Wiretap Act fails because the law governing a wiretap claim depends on where the interception took place.[12] Because the interception here allegedly took place in Kansas, Defendants contend the Missouri Wiretap Act does not apply.  Plaintiffs respond that they do not oppose Defendants' motions as to this claim based on the arguments and authorities Defendants have raised.  Accordingly, the Court grants Defendants' motions as they relate to Plaintiffs' Count I claim under the Missouri Wiretap Act.  Plaintiffs' Count I claim is dismissed.

### B.      Interception Claims

Securus argues that under the "business extension exception" to the Kansas and Federal Wiretap Acts, the devices used to record Plaintiffs' communications were not "electronic, mechanical, or other device[s]," and therefore were not "intercepted" within the meaning of the statutes.  The Kansas and Federal Wiretap Acts prohibit the interception of "any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device" without authorization.[13]  The Wiretap Acts exclude from the definition of "electronic, mechanical, or other device" the following:

> **(a)** any telephone or telegraph instrument, equipment or facility, or any component thereof, (i) furnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business or furnished by such subscriber or user for connection to the facilities of such service and used

---

[12] *See Huff v. Spaw*, 794 F.3d 543, 547 (6th Cir. 2015) ("When determining whether an alleged interception is extraterritorial, and therefore beyond the jurisdiction of federal courts as a question arising under Title III . . . we look to 'where the interception took place.'").

[13] 18 U.S.C. § 2510(4); K.S.A. § 22-2514(3).

in the ordinary course of its business; or (ii) being used by a provider of wire or electronic communication service in the ordinary course of its business, or by an investigative or law enforcement officer in the ordinary course of his duties.[14]

Together, these provisions create the "business extension exception."[15] There are two prongs to the business extension exception. First, the provider of wire communication service must furnish the equipment "in the ordinary course of its business" or the subscriber or user must furnish the equipment for connection to wire communication facilities.[16] Second, the subscriber must use the equipment "in the ordinary course of its business."[17]

The statutes do not define the phrase "ordinary course of business." But the phrase has the same meaning in this context "as it does in the myriad of other legal contexts in which it is used—an action is taken in the ordinary course of business if it is a routine activity of the business in furtherance of a legitimate business goal."[18] Generally, a business has an interest in recording calls of a business nature, but private or personal calls cannot be recorded in the ordinary course of business.[19] Indeed, courts have held that personal calls may not be intercepted under the business extension exception "except to the extent necessary to guard against unauthorized use of the telephone or to determine whether a call is personal or not."[20]

---

[14] 18 U.S.C. § 2510(4); K.S.A. § 22-2514(9).

[15] *Ali v. Douglas Cable Comms.*, 929 F. Supp. 1362, 1377 (D. Kan. 1996).

[16] *Id.* at 1378 (citing 18 U.S.C. § 2510(5)(a); *Sanders v. Robert Bosch Corp.*, 38 F.3d 736, 740 n. 9 (4th Cir. 1994)).

[17] *Id.* (citations omitted).

[18] *Arias v. Mut. Cent. Alarm Servs., Inc.*, 182 F.R.D. 407, 416 (S.D.N.Y. 1998); *see Kirch v. Embarq Mgmt. Co.*, No. 10-2047-JAR, 2011 WL 3651359, at *9 n.42 (D. Kan. Aug. 19, 2011) (noting that "ordinary course of business" defense had merit because plaintiffs admitted that defendant obtained wire communications "to further legitimate business purposes").

[19] *See Ali*, 929 F. Supp. at 1380 ("While DCC obviously has a legitimate business interest in monitoring business calls, it does not pretend to have any similar interest in monitoring the CSRs' personal phone calls."); *United States v. Harpel*, 493 F.2d 346, 351 (10th Cir. 1974) ("We hold as a matter of law that a telephone extension used without authorization or consent to surreptitiously record a private telephone conversation is not used in the ordinary course of business.").

[20] *Ali*, 929 F. Supp. at 1380; *Watkins v. L.M. Berry & Co.*, 704 F.2d 577, 583 (11th Cir. 1983).

The business extension exception generally applies where calls are recorded pursuant to a legitimate business purpose and the recorded employees or parties are on notice of the recordings.[21]  Covert use of a surveillance device must be justified by a legitimate business purpose.[22]  Furthermore, the fact that recordings are covert might be more significant where the business justification is less compelling.[23]

Plaintiffs concede that Securus meets the first prong of the business extension exception, insofar as Securus provided wire communication equipment to CoreCivic in the ordinary course of its business.  Plaintiffs, however, contend that CoreCivic's recording of inmate calls was not done in the ordinary course of business.  Plaintiffs allege that Defendants recorded confidential phone calls Plaintiffs made from CoreCivic Leavenworth to their attorneys and others outside the facility.  Defendants suggest—and Plaintiffs do not argue otherwise—that inmate calls were generally recorded for the purpose of managing the facility and maintaining security.[24]  As Defendant argues, courts have recognized that correctional facilities have a legitimate and strong interest in promoting and preserving security within their facilities.[25]

While a correctional facility's interest in security is certainly robust and qualifies as a legitimate business purpose, this purpose does not place all recordings of inmate phone calls

---

[21]*See James v. Newspaper Agency Corp.*, 591 F.2d 579, 581 (10th Cir. 1979) ("The installation was not done surreptitiously.  Rather, all employees were advised in advance, in writing, of the proposed installation, and there was no protest.  In our view, the present case comes squarely within the exception provided in 18 U.S.C. § 2510(5)(a).").

[22]*Sanders v. Robert Bosch Corp.*, 38 F.3d 736, 741 (4th Cir. 1994).

[23]*Briggs v. Am. Air Filter Co.*, 630 F.2d 414, 420 n.9 (5th Cir. 1980).

[24]*See* Doc. 31 at 7–8.

[25]*Bell v. Wolfish*, 441 U.S. 520, 560 (1979) (upholding visual body-cavity search at federal pretrial detention center based on the "significant and legitimate security interests of the institution"); *U.S. v. Lewis*, 406 F.3d 11, 18 (1st Cir. 2005) (recognizing investigatory powers of prisons "in order to preserve the security and orderly management of the institution").

within the business extension exception to the Wiretap Acts.[26]  To qualify under the business extension exception, the recordings must further a legitimate business purpose.[27]  This nexus must be stronger where, as here, the recordings are allegedly made without the recorded party's knowledge.[28]  Plaintiffs allege here that the recording of inmates' attorney-client calls did nothing to further the security or public safety within the correctional facility, and Defendants have pointed to no authority suggesting that general recording of attorney-client communications furthers a correctional facility's security interests.  Because the facts as alleged in Plaintiffs' Complaint do not reflect that the attorney-client recordings furthered a legitimate business interest, the Court finds that the recordings at issue were not made in the ordinary course of CoreCivic's business, and that the business extension exception does not apply.  Accordingly, the Court denies Securus' motion to dismiss as it relates to Plaintiffs' Counts II and III interception claims.

### C.     Disclosure Claims

Plaintiffs also allege that Defendants violated the Kansas and Federal Wiretap Acts by disclosing wire communications.  The Acts prohibit any person from intentionally "disclos[ing], or endeavor[ing] to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511."[29]

---

[26]*See Campiti v. Walonis*, 611 F.2d 387, 392 (1st Cir. 1979) (holding that business extension and law enforcement exceptions to Federal Wiretap Act do not "provide the basis for a 'prison exemption' from the Act").

[27]*See James*, 591 F.2d at 582 (holding that recordings fell within business extension exception because recordings were not surreptitious, and were done "for a legitimate business purpose"); *Epps v. St. Mary's Hosp. of Athens, Inc.*, 802 F.2d 412, 417 (11th Cir. 1986) ("A call must be more than merely related to business; the monitoring must advance a legitimate business purpose."); *Arias v. Mut. Cent. Alarm Servs., Inc.*, 182 F.R.D. 407, 416 (S.D.N.Y. 1998).

[28]*Briggs*, 630 F.2d at 420 n.9.

[29]18 U.S.C. § 2511(1)(c); *see* K.S.A. § 22-2518(1) ("Any person whose wire, oral or electronic communication is intercepted, disclosed or used in violation of this act shall have a civil cause of action against any

Securus argues that Plaintiffs' claims of disclosure are not plausible because Plaintiffs allege no more than a mere possibility that Securus unlawfully disclosed the communications.

The Court agrees that Plaintiffs fail to state plausible claims of disclosure under the Kansas and Federal Wiretap Acts. Plaintiffs allege that "[CoreCivic] and/or Securus" acted unlawfully by intercepting the wire communications and "possibly disclos[ing] those confidential communications to third parties."[30] But a plaintiff must allege more than "a sheer possibility" of unlawful conduct to state a plausible claim.[31] Unlike their interception claims, which are supported by several paragraphs of factual allegations detailing the recordings,[32] Plaintiffs' disclosure claims rely on brief conclusory allegations that Defendants disclosed the recordings. The only factual allegation in support of their disclosure claims is that Defendants disclosed the communications to law enforcement officials and possibly other third parties.[33] The remainder of Plaintiffs' allegations "amount to nothing more than a 'formulaic recitation of the elements'" of a wiretap disclosure claim.[34]

Plaintiffs point to two exhibits attached to their Complaint—a report by a Special Master and an Order issued by this Court in another case before this Court, *United States v. Black et al.*, No. 16-CR-20032-JAR[35]—and suggest that these documents provide sufficient detail of their

---

person who intercepts, discloses, or uses, or procures any other person to intercept, disclose or use, such communications.").

[30] Doc. 1 ¶ 59.

[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[32] Doc. 1 ¶¶ 14–20.

[33] *Id.* ¶¶ 52, 59.

[34] *See id.* ¶¶ 47 (reciting elements of K.S.A. § 22-2518 and alleging that these elements are met), 52 ("Upon information and belief, in some cases the Defendants disclosed class members' confidential communications to third parties, such as law enforcement, in further violation of the Kansas Wiretap statute."), 60 (alleging that "Defendants violate the Federal Wiretap Act when they" disclose the contents of wire communications with knowledge that the communications were obtained in violation of 18 U.S.C. § 2511); *Iqbal*, 556 U.S. at 681 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[35] Docs. 1-1, 1-2.

disclosure claims.[36]  The Court may look to exhibits attached to a complaint in resolving a Rule 12(b)(6) motion to dismiss.[37]  But although the findings in these documents reflect that CoreCivic produced recordings,[38] they do not reflect that Securus also produced recordings. Plaintiffs allege that "[CoreCivic] *and/or* Securus" disclosed the recordings, but Plaintiffs' attached exhibits provide no additional factual details as to Securus' alleged involvement in disclosing the communications.  Without more, the Court finds that Plaintiffs have not nudged their disclosure claims against Securus "across the line from conceivable to plausible."[39] Accordingly, the Court finds that Plaintiffs fail to state claims of disclosure under the Kansas and Federal Wiretap Acts against Securus.  Securus' motion is granted as it relates to Plaintiffs' Counts II and III disclosure claims.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant CoreCivic, Inc.'s Motion to Dismiss Count I of Complaint, or in the Alternative for Summary Judgment (Doc. 29) is **granted**.  Count I of Plaintiff's Complaint is **dismissed with prejudice**.

**IT IS FURTHER ORDERED BY THE COURT** that Defendant Securus Technologies' Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(6) (Doc. 31) is **granted in part and denied in part**. Defendant's motion is **granted as it relates to Plaintiffs' Count I claim**, **denied as it relates to Plaintiffs' Counts II and III wiretap interception claims, and granted as it relates to Plaintiffs' Counts II and III wiretap disclosure claims**.

**IT IS SO ORDERED.**

---

[36]*See* Doc. 44 at 9 n. 26.

[37]*Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (citing Fed. R. Civ. P. 10(c); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991)) ("[W]e note that, in deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint").

[38]Doc. 1-2 at 11 ("To date, the investigation has revealed that [CoreCivic]-Leavenworth has produced audio recordings of telephone calls dating back to at least 2011.").

[39]*Iqbal*, 556 U.S. at 680.

Dated: March 2, 2018

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE