**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| Ashley Huff and Gregory Rapp, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:17-cv-02320 |
| CoreCivic, Inc., f/k/a Corrections Corporation of America, | ) ) ) | |
| and | ) ) | |
| Securus Technologies, Inc. | ) ) | |
| Defendants. | ) ) | |

**UNOPPOSED MOTION OF PLAINTIFFS FOR ORDER CONDITIONALLY
CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT, DIRECTING DISTRIBUTION OF CLASS NOTICE,
SETTING HEARING FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND APPOINTING CLASS COUNSEL**

# Exhibit 1

*Execution Version*

## <u>AMENDED & RESTATED SETTLEMENT AGREEMENT AND RELEASE</u>

THIS AMENDED & RESTATED SETTLEMENT AGREEMENT AND RELEASE ("Restated Settlement Agreement") is entered into between Ashley Huff and Gregory Rapp, individually and on behalf of the Settlement Class, as defined below (collectively referred to herein as "Plaintiffs") and CoreCivic, Inc., f/k/a Corrections Corporation of America ("CoreCivic") and Securus Technologies, Inc. ("Securus"), (together referred to herein as "Defendants"), as defined below.

WHEREAS, Plaintiffs filed a class action lawsuit against Defendants styled *Ashley Huff and Gregory Rapp v. CoreCivic, Inc., f/k/a Corrections Corporation of America, and Securus Technologies, Inc.,* and which is now pending as Case No. 2:17-cv-02320-JAR-JPO in the United States District Court for the District of Kansas (the "Lawsuit"); and

WHEREAS, in the Lawsuit, Plaintiffs allege that Defendants violated state and federal wiretap statutes by recording attorney communications involving Plaintiffs and Settlement Class Members at Leavenworth Detention Center; and

WHEREAS, Defendants deny and dispute each of the allegations in the Lawsuit and assert that they have not violated state and federal wiretap statutes regarding attorney communications involving Plaintiffs and Settlement Class Members, and assert that they have at all times complied with all laws; and

WHEREAS, no class has yet been certified in the Lawsuit; and

WHEREAS, the Court has not yet resolved the issues of liability and damages in the Lawsuit and each party believes it would have a meritorious argument on appeal depending on the court's determination of those issues and both parties recognize a risk if this Lawsuit proceeds; and

WHEREAS, Plaintiffs and Defendants desire to avoid the further expense of litigation and to settle and voluntarily compromise any and all claims or causes of action between them that have arisen or that may arise in the future which in any way relate to Plaintiffs' claims or the facts alleged in the Lawsuit, both individually and on behalf of the Settlement Class; and

WHEREAS, the parties agree to the following definition of the Settlement Class:

All detainees at Leavenworth Detention Center who, during the period of June 1, 2014 through June 19, 2017, had their attorney-client telephone calls recorded by Defendants: (a) after the detainee requested privatization of his or her attorney's phone number (subclass A); (b) after his or her attorney requested privatization of the attorney's phone number (subclass B); (c) after Judge Robinson's cease and desist order on August 10, 2016, in the case styled *U.S. v. Black*, Case No. 2:16-CR-20032 (subclass C); or (d) after the detainee or his or her attorney otherwise notified one or more Defendants in writing of their attorney-client relationship and provided written notification of the attorney's phone number at issue (subclass D).

WHEREAS, Plaintiffs and Defendants stipulate and agree that this proposed Settlement Class is properly certifiable, solely for the purposes of settlement, under Fed. R. Civ. P. 23 as a subsection (b)(3) class, in that the elements of Fed. R. Civ. P. 23(a)(1-4) are satisfied, and common issues of law and fact predominate over individual questions with regard to the issues related to approval of this Settlement Agreement is appropriate; and

WHEREAS, the Parties previously executed a Settlement Agreement & Release and related Amendment to resolve this matter (the "Original Settlement Agreement"), but now desire to enter into this Restated Settlement Agreement to clarify or modify certain terms of their settlement; and

WHEREAS the Parties state that this Restated Settlement Agreement shall, upon execution by all parties, revoke the previously executed Original Settlement Agreement, and this Restated Settlement Agreement will thereafter govern the terms of the Parties' settlement;

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and conditions herein contained, and with the intention of being legally bound thereby, the parties hereto do covenant and agree as follows:

## I.  DEFINITIONS:

For purposes of this Settlement Agreement, the following terms are defined as follows:

A.      **"Plaintiffs"** refers to Plaintiffs Ashley Huff and Gregory Rapp;

B.      **"Lawsuit"** refers to the matter styled *Ashley Huff and Gregory Rapp v. CoreCivic, Inc., f/k/a Corrections Corporation of America, and Securus Technologies, Inc.,* and which is pending as Case No. 2:17-cv-02320-JAR-JPO in the United States District Court for the District of Kansas;

C.      **"Settlement Administrator"** refers to the qualified outside business selected and retained by Class Counsel to provide the following services:  Program design and management, class notification, and settlement distribution and reporting;

D.      **"Settlement Class"** refers to the group of persons composed of "All detainees at Leavenworth Detention Center who, during the period of June 1, 2014 through June 19, 2017, had their attorney-client telephone calls recorded by Defendants: (a) after the detainee requested privatization of his or her attorney's phone number (subclass A); (b) after his or her attorney requested privatization of the attorney's phone number (subclass B); (c) after Judge Robinson's cease and desist order on August 10, 2016, in the case styled *U.S. v. Black*, Case No. 2:16-CR-20032 (subclass C); or (d) after the detainee or his or her attorney otherwise notified one or more Defendants in writing of their attorney-client relationship and provided written notification of the attorney's phone number at issue (subclass D)."

E.      **"Settlement Class Member"** refers to an individual within the "Settlement Class;"

**F.**     **"Claimant" or "Participating Claimant"** refers to a Settlement Class Member who does not Opt-Out;

**G.**     **"Settlement Payout" and/or "Settlement Fund"** refers to the payout provided to Plaintiffs, the Participating Claimants, and Class Counsel as part of the consideration of this Settlement Agreement, as further defined in Section III.A of this Settlement Agreement;

**H.**     **"Class Counsel"** shall mean Robert Horn and Joseph Kronawitter of the law firm Horn Aylward & Bandy, LLC, and Brian Timothy Meyers of the Law Offices of Brian Timothy Meyers;

**I.**     **"Costs of Settlement Administration"** shall mean all actual and reasonable costs associated with or arising from Settlement Administration; as more fully described (below), this shall include without limitation, (1) postal and copying charges for mailing out the Class Notice (defined below); (2) cost of distributing payments to Participating Claimants; and (3) fees paid to the Settlement Administrator.  All such costs, beyond the first $2,000.00 (paid $1,000.00 by CoreCivic and $1,000.00 by Securus), shall be paid from the Settlement Fund;

**J.**     **"Court"** shall mean the Court in which the Lawsuit is pending, with The Honorable Julie A. Robinson, or any duly appointed successor;

**K.**     **"Preliminary Approval Order"** shall mean the order of the Court preliminarily approving this Settlement Agreement;

**L.**     **"Effective Date"** shall mean the date on which the Final Approval Order is entered by the Court;

**M.**     **"Final Approval Hearing"** shall mean the hearing at which the Court will consider and finally decide whether to enter the Final Approval Order;

**N.**     **"Final Approval Order"** shall mean an order from the Court approving (1) this Settlement Agreement; (2) payment of the Class Counsel fees and expenses; (3) dismissal of Plaintiffs' individual and class claims with prejudice; and (4) such other final rulings as are contemplated by this Settlement Agreement;

**O.**     **"Final Court Approval"** shall mean the date the Court enters the Final Approval Order (if no after-hearing motion is filed and no appeals are taken therefrom) or the date of the final resolution of after-hearing motions or appeal, so long as the Final Approval Order is upheld or affirmed in its entirety;

**P.**     **"Objection Date"** shall mean the date agreed upon by the Parties or otherwise ordered by the Court by which Settlement Class Members must object to the Settlement Agreement's terms or provisions and to submit any required statements, proof, or other materials and/or argument in support thereof.  This date shall be forty-five (45) days from the first bulk mailing of the initial notice of this Settlement by the Settlement Administrator;

**Q.**     **"Opt-Out Deadline"** shall mean the date agreed upon by the Parties or otherwise ordered by the Court by which any Settlement Class Members who wish to be excluded from the Settlement must mail their Opt-Out Notice with the postmark date used for determining timeliness with this deadline.  This date shall be forty-five (45) days from the first bulk mailing of the initial notice of this Settlement by the Settlement Administrator;

**R.**     **"Opt-Out Notice" or "Opt-Out"** shall mean any timely and valid request by any Settlement Class Member for exclusion from the Settlement;

**S.**     **"Opt-Out List"** shall mean a written list prepared by the Settlement Administrator of all Settlement Class Members who submit timely and valid Opt-Out Notices;

**T.**     **"Parties"** shall mean Plaintiffs and Defendants;

**U.**     **"Settlement"** shall mean the agreement by the Parties to resolve the Lawsuit, the terms of which have been memorialized and provided for in this Settlement Agreement;

**V.**     **"Settlement Agreement"** shall mean this Settlement Agreement and any exhibits attached hereto;

**W.**     **"Released Parties"** shall mean CoreCivic and Securus, and any of each of their parent companies, subsidiaries, or other affiliated companies, corporations, partnerships, limited liability companies, and limited partnerships and their successors, assigns, predecessors in interest and any current and former owners, directors, officers, partners, general partners, limited partners, managers, agents, alleged agents, physicians, representatives, stockholders, shareholders, attorneys and insurers, and/or employees of such entities;

**X.**     **"Class Notice"** shall mean the legally required notice provided to all Settlement Class Members informing them of the Settlement.

Y.     **"Preliminary Settlement Class Member List"** shall mean the list of Settlement Class Members prior to removal of individuals who file valid and timely Opt-Out Notices.

Z.     **"Final Settlement Class Member List"** shall mean the list of Settlement Class Members who did not file valid and timely Opt-Out Notices and thus who shall be considered Participating Claimants under this Agreement.

## II. REQUIRED EVENTS:

**A.**     After execution of this Settlement Agreement by all Parties:

1.  Class Counsel and Defendants' respective counsel shall take all necessary steps to obtain entry of the Preliminary Approval Order and the Final Approval Order.

2.  Plaintiffs shall move for entry of a Preliminary Approval Order, which by its terms shall, inter alia:

     a.     Preliminarily approve the terms of the Settlement Agreement for purposes of issuing the Class Notice;

     b.     Certify the proposed Settlement Class, including making any findings necessary to support the certification of said Settlement Class;

     c.     Approve the contents of the Class Notice and the publication of the same; and

     d.     Schedule a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement and the applications for an award of Class Counsel fees and expenses, and to consider whether the Court should issue a Final Approval Order.

3. The Parties shall use their best efforts, consistent with the terms of this Settlement Agreement, to obtain a Final Approval Order.

4. In the event that the Court fails to issue the Preliminary Approval Order or fails to issue the Final Approval Order, the Parties agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect(s) identified by the Court. If said defects cannot be cured in order to secure Preliminary and/or Final Approval by the Court, then the Settlement Agreement is void and all parties are restored to their former positions pre-settlement.

5. The Parties acknowledge that approval, consummation, and implementation of the Settlement set forth in this Settlement Agreement are essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby.

### III. CONSIDERATION:

     **A.**     **Settlement Fund.** The parties have agreed to settle this matter by creating a Settlement Fund of $1,450,000.00, of which CoreCivic shall fund $1,100,000.00 and Securus shall fund $350,000.00, in exchange for the releases described in Section VIII. The Settlement Fund shall be apportioned as follows:

1. Class Counsel will seek court approval of an award consisting of attorneys' fees, costs, litigation expenses, class notice and Costs of Settlement Administration expenses and class representative incentive awards in the total amount of $498,800 (approximately 34% of the Settlement Fund). Defendants agree not to object to this request.

2. The remaining Settlement Fund, after payment of costs, expenses, and attorneys' fees, shall be provided to Participating Claimants on a pro rata basis as follows: $432,000 to be divided among Participating Claimants in subclasses A and B combined (up to a maximum of $10,000.00 per Participating Claimant); $384,000 to be divided among Participating Claimants in subclass C (up to a maximum of $10,000.00 per Participating Claimant), and $135,200 to be divided among Participating Claimants in subclass D (up to a maximum of $500 per Participating Claimant). The Settlement Fund amount will be paid to the Settlement Administrator as set out in Section IV.C below.

3. Cy Pres Award. In the event that the Settlement Fund, after payment of costs, expenses, and attorneys' fees, is not fully depleted by Participating Claimants (i.e., if the number of Participating Claimants receiving a maximum amount for their subclass does not fully deplete the Settlement Fund), the amount left over will be donated to Kansas Legal Services within 30 days. Further, any un-cashed check(s) after six (6) months will be void and those funds will be held in trust by the Settlement Administrator for a period of two (2) years from the date of Final Approval during which the Participating Claimant of such funds can request payment from the Settlement Administrator. Any unclaimed amounts remaining in trust at the close of the two-year period following Final Approval shall be donated to Kansas Legal Services within 30 days of the close of that two-year period.

4. The consideration described in this section is contingent upon the rights of Defendants to terminate described in the "Blow Provision" set out in Section VIF below.

**B.      Costs of Settlement Administration.**  Defendants agree to pay up to $2,000 ($1,000.00 by CoreCivic and $1,000.00 by Securus) for postal charges for mailing out the Class Notice. All other Costs of Settlement Administration shall be paid from the award provided to Class Counsel referenced in III(A)(1) above.

**C.      Distribution of Settlement Payouts.**  All distribution of the Settlement Fund shall be performed by the Settlement Administrator, who shall mail checks to all Participating Claimants at their last known addresses within thirty (30) days of Final Court Approval. Payment of attorneys' fees to Class Counsel shall be paid within ten (10) days of the deposit of the Settlement Fund amount.  Checks shall be valid for six (6) months from the date of issuance. Any un-cashed check after six (6) months will be void and those funds will be held in trust by the Settlement Administrator for a period of two (2) years from the date of Final Approval during which the Participating Claimant of such funds can request payment from the Settlement Administrator.  Any unclaimed amounts remaining in trust at the close of the two-year period following Final Approval shall be donated to Kansas Legal Services within 30 days of the close of that two-year period.

**D.      Identification of Settlement Class Members.**  The Parties will provide a list of the names, addresses, and if known, dates of birth and telephone numbers, of the Settlement Class Members to the Settlement Administrator within ten (10) business days of the Court

granting Preliminary Approval of the Settlement.   This is the Preliminary Settlement Class Member List.

### IV. SETTLEMENT ADMINISTRATION EXPENSES AND ATTORNEYS' FEES:

**A.**      The Settlement Administrator shall establish the Settlement Fund.  Defendants shall fund all cash payments due per Section III.A by paying the amounts into the established Settlement Fund at the fund institution chosen by the Settlement Administrator.

**B.**      The Settlement Fund shall be applied to pay in full and in the following order:

1. any necessary taxes and tax expenses;

2. any award for attorneys' fees, which will also include Class Counsel's expenses and class representative incentive awards, made by the Court to Class Counsel pursuant to Section III.A.1 of this Settlement Agreement, said amount to also include all Costs of Settlement Administration,  including, but not limited to, the costs of Class Notice and summary settlement notice, except that the first $2,000.00 of such expense shall be provided by Defendants separate from and in addition to the Settlement Fund;

3. cash payments distributed to Participating Claimants; and

4. cy pres donation to Kansas Legal Services pursuant to Section III.A.3 and III.C of this Settlement Agreement.

**C.**      **Defendants' Funding of the Settlement Fund.**  Within ten (10) calendar days after the Effective Date, Defendants shall each deposit the amount of their contribution to the Settlement Fund as set out in Section III.A into the Settlement Fund account.  As a precondition to Defendants' funding of the Settlement Fund, the Settlement Administrator must provide Defendants with a W-9 for the Settlement Fund at least five (5) business days before the date on which Defendants are required to make the deposit.

**D.**      In no circumstances shall CoreCivic's contribution to the Settlement Fund exceed $1,100,000.00, and in no circumstances shall Securus's contribution to the Settlement Fund exceed $350,000.00. Under this Settlement Agreement, the Parties agree that, other than the $2,000 contribution by Defendants for mailing Class Notice, this cash contribution to the Settlement Fund encompasses the full extent of Defendants' monetary payment in full consideration for the Releases and covenants not to sue set forth in this Agreement. These payments, pursuant to the terms and conditions of this Agreement, and any other non-monetary obligations of and considerations due from Defendants set forth in this Agreement, will be in full satisfaction of all individual and class claims asserted in this Action.

**E.**      Defendants and the Released Parties are not obligated (and will not be obligated) to compute, estimate, or pay any taxes on behalf of Plaintiffs, Plaintiffs' Counsel, Class Counsel,

any Settlement Class Member or Participating Claimant, the Settlement Administrator, or otherwise administer or support the implementation of the Settlement except as set forth herein.

      **F.**    All of the Costs of Settlement Administration, including, but not limited to, (1) postal and copying charges for mailing out the Class Notice (over and above $2,000.00 for mailing out Class Notice which will be provided by Defendants); (2) costs incurred in preparing the notice and the web site; and (3) fees paid to the Settlement Administrator for distributing and administering the benefits of the Settlement Agreement, shall be paid from the award made by the Court to Class Counsel pursuant to Section III.A.1.

      **G.**    Class Counsel will seek Court approval of an award in the total amount of $498,800, consisting of attorneys' fees, costs, expenses and class representative incentive awards of $5,000 each for both named Plaintiffs, along with the costs associated with the independent class notice and all other Costs of Settlement Administration (over and above $2,000.00 for mailing out Class Notice which will be provided by Defendants). Defendants agree not to object to this request. The payment of this award, if approved by the Court or any lesser amount approved by the Court, shall be made to Class Counsel within ten (10) days of the money being deposited into the Settlement Fund.

## V.  NOTIFICATION TO CLASS MEMBERS:

      The Settlement Administrator shall be responsible, subject to the Court approving the same, for the following notice program.

      **A.**    **Initial Notice.**  The Initial Notice shall be in the form of a letter mailed by the Settlement Administrator to the last known mailing address for all individuals on the Preliminary Settlement Class Member List or as otherwise approved by the Court.  Said mailing shall occur within forty-five (45) days of the initial approval of this Settlement by the Court, or within such other time as the Court may order.  As noted in Section III.B, Defendants will pay up to $2,000 for postal charges for mailing out the Class Notice. All additional costs of preparing, mailing, and publishing Class Notice shall be paid from the award to Class Counsel.  The Parties may jointly make minor changes to the Notice approved by the Court without further Court approval.

      The Initial Notice will direct Settlement Class Members to a website containing a more detailed explanation of the Settlement terms and providing instructions regarding how Settlement Class Members may Opt-Out.

      **B.**    **Website.**  The Settlement Administrator shall create and maintain a website providing a summary of the Settlement Agreement's terms, as well as providing instructions to those Settlement Class Members as to how to Opt-Out of or object to the Settlement.  The website will also provide information and instructions for Settlement Class Members who did not receive the Initial Notice described above.

**C.      Mailing Address.**  The Settlement Administrator will secure and maintain a Post Office Box or similar mailing address for the reception of Opt-Out forms or other correspondence related to the Settlement.

**D.      Reporting By Settlement Administrator.**  No later than ten (10) business days prior to the Final Approval Hearing, the Settlement Administrator shall provide an affidavit to the Court, with a copy to counsel for the Parties, attesting that notice as set forth above in Section V.A was disseminated in a manner consistent with the terms of this Settlement Agreement and in a manner that satisfies due process.

## VI. REQUESTS FOR EXCLUSIONS BY SETTLEMENT CLASS MEMBERS:

**A.**      The provisions of this section shall apply to any Opt-Out Notice.  Any Settlement Class Member may submit an Opt-Out Notice by mailing or delivering such notice in writing to the Settlement Administrator. Any Opt-Out Notice must be postmarked no later than the Opt-Out Deadline set forth above.

**B.**      Any Opt-Out Notice shall state the name, address, and telephone number of the person requesting exclusion.  The Opt-Out Notice must also contain a clear statement communicating that such person elects to be excluded from the Settlement, does not wish to participate in the Settlement or receive any portion of the Settlement Payout, and elects to be excluded from any judgment entered pursuant to this Settlement.

**C.**      Any Settlement Class Member who submits a timely Opt-Out Notice may not participate in the Settlement or an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

**D.**      The Settlement Administrator shall report the names appearing on the Opt-Out List and in the Opt-Out Notices to the Court no less than ten (10) business days prior to the Final Approval Hearing.

**E.**      The Settlement Administrator shall prepare the Final Settlement Class Member List and provide it to the Parties and the Court no less than ten (10) business days prior to the Final Approval Hearing.

**F.      Blow Provision.**  Defendants, either individually or collectively, shall, in their sole discretion, have the right to terminate this Restated Settlement Agreement if Opt-Out requests for exclusion were validly filed by 15% or more of Settlement Class Members or if the claims of Settlement Class Members who validly Opt-Out would total $300,000 or more using the maximum subclass amount described in Section 3AII above.  If any Defendant elects to terminate the settlement under this provision, they must notify the Court and Class Counsel within seven calendar days after the date the Settlement Administrator reports the names appearing on the Opt-Out List and in the Opt-Out Notices to the Court.  Termination of the settlement and this Restated Settlement Agreement under this provision shall result in the return to Defendants of any funds paid in connection with this Restated Settlement Agreement within 5 business days of any Defendant providing notice of termination to the Court.  In addition,

termination under this provision shall cancel any releases or dismissals hereunder and no term or condition of this Restated Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Lawsuit and the Parties shall be restored to their prior rights and positions as if this Restated Settlement Agreement, and the prior Settlement Agreement & Release and its Amendment, had not been entered into.

### VII. OBJECTIONS BY SETTLEMENT CLASS MEMBERS:

**A.**     Each Settlement Class Member wishing to object to the Settlement shall submit a timely written notice of his or her objection.  Such notice shall state:  (i) the objector's full name, address, telephone number, and e-mail address, (ii) information identifying the objector as a Settlement Class Member, which shall be (a) a copy of the Initial Notice addressed to him or her, or (b) unequivocal documentary proof that that he or she is within the definition of the Settlement Class described in this Settlement Agreement; (iii) a written statement of all grounds for the objection accompanied by any legal support for the objection; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (vi) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (vii) a statement confirming whether the objector intends to testify at the Final Approval Hearing; and (viii)  the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such authorization).  To be timely, written notice of an objection in appropriate form must be filed with the United States District Court for the District of Kansas, Courtroom 427, 500 State Avenue, Suite 511, Kansas City, Kansas 66101, no later than forty-five (45) days after the first bulk mailing of the initial Class Notice, and served therewith upon both of the following:  Co-Class Counsel Robert Horn and Joseph Kronawitter of Horn Aylward Bandy, LLC; counsel for Defendants, Thomas Kokoruda at Polsinelli PC, Kansas City, Missouri, and Ryan Harding at Husch Blackwell, Jefferson City, Missouri, all at the addresses reflected herein.

**B.**     The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objections to the Settlement Agreement, in accordance with such Settlement Class Member's due process rights.  The Preliminary Approval Order and Class Notice shall require all Settlement Class Members who have any objections to file such objection with the Clerk of the Court, and to serve by mail or hand delivery such objection upon Class Counsel and Defendants' Counsel at the addresses set forth in the Class Notice, no later than the Objection Date.  The Preliminary Approval Order shall further provide that objectors who fail to properly or timely file their objections with the Clerk of the Court, along with the required information and documentation set forth above, or to serve them as provided above, shall not be heard during the Final Approval Hearing, nor shall their objections be considered by the Court.

## VIII. RELEASE, DISMISSAL OF LAWSUIT, AND JURISDICTION OF COURT:

**A.** By this Settlement Agreement, Defendants CoreCivic and Securus and all other Released Parties are released from any and all claims or causes of action arising out of or relating to the monitoring, recording, and/or use of communications (including but not limited to telephone communications, in-person communications, and video communications) at the Leavenworth Detention Center that were, could have been, or should have been asserted against them by any Settlement Class Member who has not timely and properly opted out of the Settlement Agreement and any claims or causes of action arising out of or relating to any related facts, conduct, omissions, transactions, occurrences, or matters that were or could have been alleged in the Lawsuit. For the avoidance of doubt, the releases set out herein shall include, but not be limited to, releases of all such claims or causes of action that relate to the monitoring, recording, and/or use of communications that occurred up to and through August 8, 2019.

The parties also agree and understand that, as a condition of the Settlement, if approved by the Court, Plaintiffs and all Settlement Class Members (save those class members who Opt-Out) are waiving any and all claims for (1) actual damages; (2) punitive damages; (3) prejudgment interest; (4) any request for relief from CoreCivic or Securus for recording attorney communications at Leavenworth Detention Center.

**B.** The claims or causes of action that were or could have been asserted and could form the basis for an issue on appeal by Plaintiffs, Defendants, or the Settlement Class Members are hereby released.

**C.** The release contained herein does not affect the rights of Settlement Class Members who timely and properly Opt-Out of the Settlement Agreement, nor does it affect the rights of any non-Settlement Class Member.

**D.** The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the release contained herein. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to, orders enjoining Settlement Class Members from prosecuting claims that are released pursuant to the Settlement Agreement.

**E.** Upon issuance of the Final Approval Order: (i) the Settlement Agreement shall be the exclusive remedy for any and all released claims of Settlement Class Members; (ii) CoreCivic, Securus, and all other Released Parties shall not be subject to liability or expense of any kind to any Settlement Class Members except as set forth herein; and (iii) Settlement Class Members shall be permanently barred from initiating, asserting, or prosecuting any and all released claims against the **Released Parties in any court in the United States or any other tribunal.** Plaintiffs and all Settlement Class Members who do not timely Opt-Out expressly agree that this Settlement Agreement will be and may be raised as a complete defense to, and will preclude and bar any, action or proceeding encompassed by the releases contained herein.

**F.**     Upon issuance of the Final Approval Order, Plaintiffs shall file a voluntary dismissal with prejudice, for all claims asserted in the Lawsuit.

G.     The Parties hereby agree and acknowledge that the provisions of the releases contained herein constitute an essential and material term of the Settlement Agreement and shall be included in the Final Judgment and Order of Dismissal with Prejudice entered by the Court.

## IX. REPRESENTATIONS, WARRANTIES, AND COVENANTS:

**A.**     Class Counsel, who are signatories hereof, represent and warrant that they have the authority, on behalf of Plaintiffs, to execute, deliver, and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby.  This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiffs and constitutes their legal, valid, and binding obligation.

**B.**     Defendants, through their respective undersigned counsel or representatives, represent and warrant that they have the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby.  The execution, delivery, and performance by Defendants of this Settlement Agreement and the consummation by them of the actions contemplated hereby have been duly authorized by all necessary corporate actions on the part of Defendants and constitute their respective legal, valid, and binding obligation.

**C.**     The rights and obligations of the Parties in this agreement, including the releases, will be binding on, and will be of benefit to, each of the Parties' successors, heirs, and estates.

## X.  ADDITIONAL ISSUES:

**A.     No Admission of Liability.**  The Parties agree that this Settlement is made to resolve a doubtful and disputed claim and that by entering into this Settlement, Defendants are not making any admission that any of the allegations raised in the Lawsuit are true.  This Settlement Agreement, and any exhibits and related documents hereto, are not, and shall not at any time be construed or deemed to be, or to evidence any admission against or concession by Defendants with respect to any wrongdoing, fault, unlawful act, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Approval Order as contemplated herein.  This provision shall survive the expiration or voiding of the Settlement Agreement.

The Parties agree that this Settlement is intended to encompass all claims or disputes regarding the matters described in the Lawsuit and that Plaintiffs and the Settlement Class Members could raise in relation thereto, and that upon Final Court Approval of the Settlement, Plaintiffs and those Settlement Class Members who do not Opt-Out of the Settlement shall be forever barred from raising any other claims against Defendants regarding the alleged monitoring, recording, or use of attorney communications at Leavenworth Detention Center or any other matter described in the Lawsuit or claims that could have been brought in the Lawsuit.

**B.     Voiding Of Settlement Agreement If Settlement Not Approved.**   This Settlement Agreement is entered into only for purposes of Settlement.  In the event that the Final Approval Order is not entered, or if an appeal is taken therefrom and results in anything other than a complete affirmance of the Final Approval Order, then this Settlement Agreement, including any releases or dismissals hereunder, is canceled, and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Lawsuit and the Parties shall be restored to their prior rights positions as if the Restated Settlement Agreement, and the prior Settlement Agreement & Release and its Amendment, had not been entered into.

**C.     Headings and Subdivisions.** The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

**D.     Agreement Confidential Until Motion for Approval.**   The Parties and their counsel agree to keep the existence and contents of this Settlement Agreement confidential until the date on which the Motion for Approval is filed; provided, however, that this section shall not prevent Defendants from disclosing such information, prior to the date on which the Motion for Approval is filed, to state and federal agencies, or its own independent accountants, actuaries, advisors, financial analysts, insurers, potential indemnitors, or attorneys, nor shall it prevent the Parties and their counsel from disclosing such information to Persons or entities (such as experts, courts, co-counsel, and/or administrators) to whom the Parties agree disclosure must be made in order to effectuate the terms and conditions of this Settlement Agreement.

**E.     Rule 408 Applicability.**   The Parties expressly acknowledge and agree that this Settlement Agreement, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, constitute an offer of compromise and a compromise within the meaning of the most protective of the following: Federal Rule of Evidence 408, or any agreement of the Parties. In no event shall this Settlement Agreement, any of its provisions or any negotiations, statements, or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory, or other proceeding, except in a proceeding to enforce this Settlement Agreement or the rights of the Parties or their counsel. Without limiting the foregoing, neither this Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any Person or entity, including, but not limited to, the Released Parties, Plaintiffs, or the Settlement Class or as a waiver by the Released Parties, Plaintiffs, or the Settlement Class of any applicable privileges, claims, or defenses.

**F.     Amendment of Agreement.** This Settlement Agreement, including any exhibits attached hereto, may not be modified or amended except in writing signed by all of the Parties.

**G.      Execution in Counterparts.**  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

**H.      Applicable Law.** This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of Kansas, without giving effect to any choice or conflict of law provision, or rule that would cause the application of the laws of any other jurisdiction.

**I.      Apportionment of Costs.**  Except as otherwise provided in this Settlement Agreement, each party to this Settlement Agreement shall bear his, her, or its own costs related to the Lawsuit.

**J.      Extensions of Time.**  The Parties to this Settlement Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

**K.      Required Notice.**  All applications for Court approval or Court orders required under this Settlement Agreement shall be made on notice to Plaintiffs and Defendants.

**L.      Arms-Length Negotiation.**  The determination of the terms of, and the drafting of, this Settlement Agreement, including any exhibits, has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel.  Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply.  Each of the Parties was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

**M.      Integrated Agreement.**  Any of the Exhibits of this Settlement Agreement are material and integral parts hereof, and are fully incorporated herein by reference.   This Settlement Agreement and any Exhibits hereto constitute the entire, fully integrated agreement among the Parties and cancel and supersede all prior written and unwritten agreements and understandings pertaining to the Settlement of the Lawsuit.

**N.      Notice to Parties.** All notices to the Parties or their counsel required by this Settlement Agreement shall be made in writing and communicated by fax or electronic mail and by United States Mail, first-class postage prepaid, to the following addresses:

If to Plaintiffs or Class Counsel:

Robert Horn
Joseph Kronawitter
Horn Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 100
Kansas City, MO  64108

rhorn@hab-law.com
jak@hab-law.com

If to CoreCivic, its Counsel:

Thomas Kokoruda
Amy D. Fitts
Polsinelli PC
900 W. 48th Place Ste 900
Kansas City, MO 64112
tkokoruda@polsinelli.com
afitts@polsinelli.com

If to Securus, its Counsel:

Ryan Harding
Husch Blackwell
235 East High Street
Jefferson City, MO 65101
ryan.harding@huschblackwell.com
Phone: 816-218-1255
Fax:    816-222-0425

IN WITNESS WHEREOF, Class Counsel has executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2019.

**Plaintiffs:**

_____
Ashley Huff


_____
Gregory Rapp


**Class Counsel:**

_____
Robert Horn

_____
Joseph Kronawitter

_____
Brian Timothy Meyers

THE STATE OF                          )
                                      )ss.
COUNTY OF                             )

On this date personally appeared **Ashley Huff**, personally known to me to be the person who executed the foregoing Release and Settlement Agreement, after being first duly sworn upon oath, and acknowledging execution of the same as his/her voluntary act for the uses and purposes therein set forth, with full knowledge of the content and effect.

WITNESS MY HAND AND SEAL this ____ day of _____, 2019.

_____
                                                                Notary Public

My Commission Expires

_____

17

THE STATE OF                              )
                                          )ss.
COUNTY OF                                 )

    On this date personally appeared **Gregory Rapp**, personally known to me to be the person who executed the foregoing Release and Settlement Agreement, after being first duly sworn upon oath, and acknowledging execution of the same as his/her voluntary act for the uses and purposes therein set forth, with full knowledge of the content and effect.

    WITNESS MY HAND AND SEAL this ____ day of _____, 2019.


_____
                         Notary Public

My Commission Expires

_____

IN WITNESS WHEREOF, Counsel for CoreCivic, Inc., has executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2019.

**Counsel for CoreCivic, Inc.:**

_____

Thomas Kokoruda

**CoreCivic, Inc.**

By: _____
Authorized Representative

Printed Name: _____

Title: _____

Date: _____

**STATE OF**                    )
                                ) ss
**COUNTY OF**                   )

       Now on this _____ day of _____, 2019, before me appeared _____, who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same on behalf of CoreCivic, Inc., as its free and voluntary act and deed with full knowledge of its contents, as an authorized representative of that company.

       IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.


_____
Notary Public

My Commission Expires:_____

     IN WITNESS WHEREOF, Counsel for Securus Technologies, Inc., has executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2019.

                                             **Counsel for Securus Technologies, Inc.:**

                                            _____

                                            Ryan Harding

                                           **Securus Technologies, Inc.**

                                           By: _____
                                           Authorized Representative

                                           Printed Name: _____

                                           Title: _____

                                           Date: _____

**STATE OF**                )
                                   ) **ss**
**COUNTY OF**             )

       Now on this _____ day of _____, 2019, before me appeared _____, who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same on behalf of Securus Technologies, Inc., as its free and voluntary act and deed with full knowledge of its contents, as an authorized representative of that company.

       IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.


                                       _____
                                       Notary Public

My Commission Expires:_____