IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Ashley Huff and Gregory Rapp, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 2:17-cv-02320-JAR |
| CoreCivic, Inc., f/k/a Corrections Corporation of America, | ) ) ) ) | |
| and | ) ) | |
| Securus Technologies, Inc. | ) ) | |
| Defendants. | ) ) | |

**ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, CERTIFYING THE SETTLEMENT CLASS
AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS**

Pending before the Court is Plaintiffs' Unopposed Motion for Order Conditionally Certifying Settlement Class, Preliminarily Approving Class Action Settlement, Directing Distribution of Class Notice, Setting Hearing for Final Approval of Class Action Settlement and Appointing Class Counsel ("Motion for Preliminary Approval") (Doc. # 140). The parties to this litigation have entered into an Amended and Restated Settlement Agreement and Release (the "Agreement") to settle the above-captioned putative class action in its entirety. All capitalized terms used in this Order have the meaning as defined in the Agreement.

A hearing was held on the Motion on September 13, 2019. Based on the submissions of the parties, IT IS HEREBY ORDERED:

The Court finds that it has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

1

The Court finds that venue is proper in this District pursuant to 28 U.S.C. § 1391.

Pursuant to Federal Rule of Civil Procedure 23(e), there is a sufficient basis for granting preliminary approval of the Agreement and authorizing the steps necessary to determine whether the Agreement should be given final approval and this case dismissed.

*Certification of the Settlement Class*

With respect to Plaintiffs' request that the Court certify a class for settlement purposes only, the Court finds that the prerequisites of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes of settlement. The Court finds that the settlement class defined below consists of more than 530 persons distributed across the country, and joinder of all the members of the settlement class in a single proceeding would be impracticable, if not impossible, because of their number and dispersion. Commonality is also satisfied in this case for settlement purposes as a number of common issues exist among the members of the settlement class. Common issues predominate over individual issues in the context of settlement, and certification of an agreed-upon settlement class is a superior mechanism for resolving these claims. The Plaintiffs are also typical of the settlement class and representative of the claims and defenses presented by the parties in this case. The Court further finds that the Plaintiffs and their counsel have capably prosecuted the claims of this lawsuit, and the Court finds no conflict between the Plaintiffs or their counsel and the settlement class. Therefore, Plaintiffs and their counsel are adequate representatives for the settlement class.

For purposes of preliminary approval only, the proposed Settlement also appears to meet the requirements of Federal Rule of Civil Procedure 23(b)(3), which allows class certification where common questions of law and fact predominate over individual questions and class treatment is superior to individual litigation. When assessing predominance and superiority, the

Court may consider that the class will be certified for settlement purposes only, and that a showing of manageability at trial is not required. Here, the proposed Settlement Class is sufficiently cohesive because the Plaintiffs and all Class Members seek redress for claims arising out of the same allegedly unlawful conduct. Because the wiretap claims of Plaintiffs and class members arise out of events that occurred uniformly throughout the Settlement Class, common questions predominate over individual questions. In addition, because Plaintiffs seek conditional certification of the Settlement Class only to effectuate the Settlement, the Court need not consider whether a trial would be unmanageable.  Furthermore, class resolution is superior to other available methods for the fair and efficient adjudication of this controversy.

Accordingly, for purposes of settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies that this action may proceed as a class action on behalf of a Settlement Class consisting of:

> All detainees at Leavenworth Detention Center who, during the period of June 1, 2014 through June 19, 2017, had their attorney-client telephone calls recorded by Defendants: (a) after the detainee requested privatization of his or her attorney's phone number (subclass A); (b) after his or her attorney requested privatization of the attorney's phone number (subclass B); (c) after Judge Robinson's cease and desist order on August 10, 2016, in the case styled *U.S. v. Black*, Case No. 2:16-CR-20032 (subclass C); or (d) after the detainee or his or her attorney otherwise notified one or more Defendants in writing of their attorney-client relationship and provided written notification of the attorney's phone number at issue (subclass D).

The Court hereby appoints Plaintiffs Ashley Huff and Gregory Rapp to serve as the class representatives.

The Court hereby appoints Robert Horn and Joseph Kronawitter of the law firm Horn Aylward & Bandy, LLC, 2600 Grand Blvd., Ste. 1100, Kansas City, MO 64108 and Brian T. Meyers of the Law Offices of Brian Timothy Meyers, 1125 Grand Blvd., Ste. 1610, Kansas City, MO 64106, to serve as Class Counsel for the Settlement Class.

The declaration that this litigation may be maintained for settlement purposes only as a class action and the appointment of Class Counsel shall be without force or effect if: (a) the Court does not give Final Approval to the Agreement and enter the Final Judgment contemplated by the Agreement, or (b) this Court's approval of the Agreement and/or entry of the Final Judgment are reversed on appeal.

*Rule 23(e)(1)*

The parties have provided the Court with information sufficient to enable it to determine that providing notice to the proposed class is appropriate in this circumstance. The class is comprised of more than 530 individuals.  Although the parties have last known address information for most of the class members, it is not known how current that address information is.  Therefore, the parties have also (1) searched the federal Bureau of Prisons ("BOP") website in an effort to identify those members of the Settlement Class that are currently incarcerated at BOP facilities; and (2) sought updated last known address information, with permission of the Court, from the U.S. Probation and Pretrial Services for the District of Kansas (the "Probation Office") for all Settlement Class members who were not found to currently be in BOP custody based on that search.  Using this information, class notice will be distributed to Settlement Class members by mailing copies of the notice documents via First Class U.S. Mail, postage prepaid, to Settlement Class members at the following address(es):

> 1. For all Settlement Class members who are found to currently be in BOP custody (based on an updated search of the BOP website to be conducted by the parties not more than 5 business days in advance of mailing notice), notice shall be sent to the BOP facility where any such individual was listed as currently incarcerated.

2. For all other Settlement Class members, notice shall be sent to the last known address for that Settlement Class member that was provided by the United States Probation Office, if available. The parties are ordered to provide the names and Federal Bureau of Prisons Register Numbers, or in the alternative the case number, for individuals identified as Settlement Class members whose criminal cases originated in the District of Kansas. The Probation Office for the District of Kansas shall provide the last known mailing address for class members who are currently under, or have been under, supervised release.

3. If a Settlement Class member is not found to currently be in BOP custody based on the search described above, and the Probation Office did not provide last known address information for that individual, then notice shall be sent to the most recent last known address information otherwise available in the parties' records. If last known address information for any such individual is lacking or incomplete, the Claims Administrator will conduct a reasonable search to identify a likely address for the Settlement Class member and send notice to that address.

Notice is justified in this case based on the parties' demonstration that this Court will likely be able to approve the proposed settlement under Rule 23(e)(2) and certify the class for purposes of judgment on the proposed settlement. The Court finds that the parties' proposed notice plan sets forth a reasonable manner to provide notice to all class members who would be bound by the proposed settlement. Approval is hereby given to the form of, and the provisions for, disseminating the Class Notice containing the text indicated in the revised class notice provided by the parties. The Court finds that the Class Notice constitutes the best notice practicable under the circumstances, including individual notice to all members of the Settlement

Class who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution. The costs of providing Class Notice to the Settlement Class are provided in the Settlement Agreement.

To facilitate the Class Notice and settlement administration process, the Court appoints RG/2 Claims Administration, LLC, P.O. Box 59479, Philadelphia, PA 19102-9479 as the Settlement Administrator.

Within forty-five (45) days after entry of this Order, the Settlement Administrator shall deliver to the United States Postal Service for first-class mailing, postage prepaid, copies of the approved Class Notice addressed to each member of the Settlement Class. To the extent any notice is returned, the Settlement Administrator shall undertake reasonable efforts to locate current addresses for said class member(s).

*Rule 23(e)(2)*

Since the proposed settlement would bind the class members, at the final approval hearing this Court will grant final approval only on finding that the proposed settlement is fair, reasonable, and adequate after considering the factors set forth in Rule 23(e)(2). However, for purposes of preliminary approval, the Court makes the following tentative rulings, subject to revision during the final approval process:

a. The class representatives and Class Counsel appear to have adequately represented the class. Plaintiffs and Class Counsel appear to have vigorously and fully analyzed the claims and defenses in this case, and Plaintiffs appear to have been actively involved in the litigation through investigation, discovery and the mediation and settlement process.

b.  The proposal appears to have been negotiated at arm's length, through the services of mediator Kirk Goza. The Court will consider and review the affidavit of Mr. Goza submitted in connection with the final approval briefing, before making a final determination of this factor.

c.  The relief provided for the class appears to be adequate, taking into account:

    i.   *the costs, risks, and delay of trial and appeal*;

         The Court is informed by the parties that pursuant to the federal wiretap act, the most a plaintiff can receive is $10,000.00 in statutory damages, plus attorney fees. Here, there is a risk that there will be no future relief to the class members without this settlement—the Court has made no finding on the merits of this case, and the defendants appear to believe strongly that their consent defense applies to most, if not all, class members. Under this settlement, class members will receive compensation in the very near future, not at some distant time in the future after several more years of litigation and appeals.

    ii.  *the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;*

         The parties' proposal to distribute settlement funds appears reasonable and adequate on its face at this preliminary stage. The parties propose direct payments, with no claim form requirement from class members; if class members do nothing, they will receive payment. The parties propose to send money orders to class members that are not currently incarcerated. Class members currently within the Bureau of Prisons system will have

        their settlement funds deposited into their commissary account. Class members are also allowed to contact the Settlement Administrator to direct their payment elsewhere. Class members have up to two years from the date of final approval to claim their funds from the Settlement Administrator. Any unclaimed funds will be donated to Kansas Legal Services, a non-profit law firm and community education organization helping low- and moderate-income people in Kansas.

iii. *The terms of any proposed award of attorney's fees, including timing of payment;*

        Class Counsel have indicated they will petition the Court for an award, pursuant to Fed. R. Civ. P 23(h), in the total amount of $498,800 (approximately 34% of the Settlement Fund), which the Court may award in its sole discretion. It appears this award will be sought to pay for the costs of the third-party Settlement Administrator (RG/2), class representative service awards of $5,0000 for both named Plaintiffs, Class Counsel's attorney fees, litigation expenses and class notice costs in excess of the $2,000 contributed by Defendants. Class Counsel's motion seeking this award will be filed no later than ten (10) days before Class Members must object or opt out of the Settlement, and all such filings will be posted to the settlement website administered by RG/2. This will allow class members to raise any issues or objections they have with the requested fee. Defendants have agreed not to object to the requested fee. The requested $5,000 service awards for Plaintiffs Ashley Huff and Greg Rapp would be in recognition of the substantial time, devotion and

        commitment it appears they have contributed to this litigation, and for their work in prosecuting the claims of the Settlement Class. Any approved payments to Class Counsel and the Plaintiffs would not occur until after final approval, and close in time to the payments made to class members.

   iv.   *Any agreement required to be identified under Rule 23(e)(3);*

        Based on the submissions and representations of the parties, the Court finds there are no other agreements made in connection with the settlement, other than the Agreement and prior versions of the Agreement.

d. The proposal appears to treat class members equitably relative to each other. Class Counsel have informed the Court that based upon the agreed class member list, they anticipate: Class Members in subclasses A and B who do not opt out will each receive approximately $5,917.50 or more; Class Members in subclass C who do not opt out will each receive approximately $1,989.50 or more, and Class Members in subclass D who do not opt out will each receive approximately $495.50 or more. Class Counsel informed the Court that this progressive payment structure is based upon the relative strengths and weaknesses of the claims by class members within the four subgroups such that, class members that have the strongest claims (in terms of the facts and the potential defenses to their claims) receive the largest payments, while class members that have what appear to be weaker claims receive less. The final result is, in Class Counsel's view, an equitable division of the settlement proceeds.

Based upon the foregoing, the Court finds that the terms of the Agreement are

sufficiently fair, reasonable, and adequate for purposes of preliminary approval. The Court further finds that the Settlement is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Hearing to assist the Court in determining whether to grant final approval to the Settlement and enter Final Judgment. This determination permitting notice to the Settlement Class is not a final finding that the Agreement is fair, reasonable and adequate, but simply a determination that there is probable cause to disseminate the Class Notice to the Settlement Class and to hold a hearing on final approval of the Settlement.

*Rule 23(e)(3)*

As noted above, the Court finds there are no other agreements made in connection with the settlement, other than the Agreement and prior versions of the Agreement.

*Rule 23(e)(4)*

Because this Court did not previously certify this case as a class action, this Court finds that Rule 23(e)(4) is not applicable to this settlement.

*Rule 23(e)(5)*

Any member of the Settlement Class who intends to object to any aspect of the Settlement (including Class Counsel's Fee and Costs Application or the Service Award application) must mail any such objection to the Court, and provide copies to the Parties, as set forth in the Class Mail Notice. The objection must be in writing, be postmarked within sixty (60) days after the mailing of the Class Mail Notice to the Settlement Class, and shall specifically include:

     a.     The name, address and telephone number of the class member filing the objection;

     b.     Information identifying the objector as a Settlement Class Member, which shall be:

          i.     A copy of the Initial Notice, or

          ii.     Unequivocal documentary proof that he or she is within the definition of the Settlement Class described in the Settlement Agreement.

     c.     written statement of all grounds for the objection accompanied by any legal support for the objection;

     d.     the identity of all counsel representing the objector;

     e.     the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

     f.     a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

     g.     a statement confirming whether the objector intends to testify at the Final Approval Hearing; and

     h.     the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such authorization).

Any member of the Settlement Class who does not make his or her objection in the manner provided above and in the Class Mail Notice shall be deemed to have waived such objection and shall forever be foreclosed and barred from making any objection to the fairness, adequacy, or reasonableness of the Settlement or to any other provision of this Agreement. Any member of the Settlement Class who does not file a timely written objection to the Settlement and notice of his intent to appear at the Final Hearing shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

Pursuant to Rule 23(e)(5)(B), no payment or other consideration may be provided in connection with forgoing or withdrawing an objection, or) forgoing, dismissing, or abandoning an appeal from a judgment approving the proposal, unless approved by this Court after a hearing.

*Notice Pursuant to 28 U.S.C. § 1715*

Defendants will provide appropriate governmental notices required by 28 U.S.C. § 1715. The parties are directed to provide proof of Defendants' compliance in this regard prior to the Final Approval Hearing.

*Class Member Opt-Outs*

Each member of the Settlement Class who wishes to be excluded from the Settlement Class must submit a request for exclusion to the address(es) specified in the Class Notice. Such requests for exclusion must be postmarked within sixty (60) days after the mailing of the Class Mail Notice to the Settlement Class. Any opt-out notice must state the name, address, and telephone number of the person requesting exclusion. The opt-out notice must also contain a clear statement communicating that such person elects to be excluded from the Settlement, does not wish to participate in the Settlement or receive any portion of the Settlement Payout, and elects to be excluded from any judgment entered pursuant to this Settlement. Any request for exclusion must be personally signed by the member of the Settlement Class requesting exclusion, unless such person is deceased or legally incompetent. In the event such individual is deceased or legally incompetent, the personal representative or guardian must sign the request for exclusion. Any request for exclusion must include a reference to "Huff v. CoreCivic, Inc., Case No. 17-cv-02320" and be mailed to the parties as set forth in the Class Notice. Any member of the Settlement Class who fails to submit a timely and complete request for exclusion shall be subject to and bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class pursuant to the Agreement. Any member of the Settlement Class who timely and properly submits a request for exclusion shall not: (a) be bound by any orders or judgments entered in the Action relating to the Settlement; (b) be entitled to relief under, or be affected by, the

Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Settlement.

The Settlement Administrator shall provide the Court with a list of any persons who timely and adequately file a request to opt out and be excluded from the Settlement, such list to be provided at least ten days (10) days before the Final Approval Hearing.

*Final Approval Hearing*

Pursuant to Rule 23(e)(1)(c) of the Federal Rules of Civil Procedure and 28 U.S.C.S. § 1715(d), a hearing (the "Final Hearing") shall be held on **January 28, 2020, at 9:00 a.m.**, before the undersigned, at the United States Courthouse, 500 State Avenue, Courtroom 427, Kansas City, Kansas, 66101 for the purpose of finally determining whether the Agreement is fair, reasonable, and adequate and should be approved by the Court via entry of the Final Approval Order and Final Judgment contemplated by the Agreement and, if so, what amount of attorneys' fees and reimbursement of costs should be awarded to Class Counsel and whether a Service Award shall be awarded to the Plaintiff.

The Parties to the Agreement shall file any motions, memoranda or other material in support of final approval of the Agreement no later than seven (7) days after the deadline for the filing of objections as provided in this order. The Parties to the Agreement shall also file any response to timely and properly filed objections to the Agreement no later than seven (7) days after the deadline for the filing of objections as provided in this order, and shall serve copies on the Class Members that filed objections.

Following the Final Approval Hearing, and based upon the entire record in this matter, the Court will decide whether the Agreement should be approved and, if so, what amount of fees

and expenses should be awarded to Class Counsel. If appropriate, the Court will issue a Final Approval Order and Final Judgment memorializing its decision.

In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

a. All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

b. Nothing contained in this Order is, or may be construed as, any admission or concession by or against Plaintiffs, CoreCivic or Securus on any point of fact or law; and

c. Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

Pending final determination of this application for approval of the Agreement, and subject to further order of this Court, all proceedings in the Action other than as may be necessary to effectuate the Settlement and carry out the terms of the Agreement and responsibilities related or incidental thereto shall be stayed.

**IT IS SO ORDERED**.

Dated: <u>September 26, 2019</u>

<u>S/ Julie A. Robinson</u>
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE