IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TYWAN A. POOLE,<br>Ashley Huff, Rapp, Black, Carter,<br>and on behalf of others similarly<br>situated,<br>　　　　　　　　　　Plaintiffs,<br>V.<br>CORECIVIC, INC. f/k/a CORRECTIONS<br>CORPORATION OF AMERICA,<br>and SECURUS TECHNOLOGIES, INC.,<br>　　　　　　　　　　Defendants. | RE: CASE NO'S. 16-20032-02-JAR<br>　　　　　　　and<br>　　　　　　　17-CV-02320-JAR-JPO<br>UNITED STATES V. BLACK, CARTER, HUFF,<br>　　　　　　　　AND<br>　　　　　　　　RAPP<br>PETITION FOR DETERMINATION OF<br>CLASS ACTION STATUS<br>UNDER CLERK FILING RULE 25(A)(2)(B) |

MOTION FOR DETERMINATION OF

CLASS ACTION STATUS
Under Fed.R.C.P.RULE 23(c)(1)

Comes now Plaintiff TYWAN A. POOLE, under the penalty of perjury currently Pro Se litigant, that is a inmate in Federal Custody at F.C.C. FORREST CITY LOW in Forrest City, Arkansas.

SUMMARY    By a declaration and in compliance with 28 USC § 1746 are requesting that this Court GRANT an ORDER issuing a Determination that I am allowed to JOIN the current CLASS ACTION as previously determined within a Order from Judge James P. O'Hara within a previously filed Motion To Intervene that I filed prior to this current Class Certification. SEE: ATTACHMENT DOC#68 2: 17-CV-02320-JAR-JPO 02/23/18..RE: Shillinger V. Haworth 10th Cir. Furthermore I am requesting EXCUSEABLE NEGLECT TOLLING as to the TIMELINESS of this request.

ARGUMENT    I TYWAN A. POOLE was housed at CCA k/a CORECIVIC, INC between April 24, 2016 through November 2, 2017. Excuseable Neglect Tolling is Appropriate because;

1) CCA and SECURUS was not Prejudiced, I was Prejudiced because of there previous prolonged Failures to responde to Court ORDERS that furthermore created UNCERTAINTY as to Scope of Class that myself and others similarly situated were contemplating;

2) CCA and SECURUS previously pending Motions did HINDER myself and similarly situateds ability to file Timely Motion; and

3) I was not notified as an INTERESTED PARTY dispite my pending 41(g) that were previously submitted starting in 2016 till currently within this District of Kansas Court and Missouri Western District Court alike as an interested party that was housed at CCA and did recieve Attorney communications durring the time frame of April 2016 through November 2017.

Under Shillinger V. Haworth 10th Cir. The 10th Circuit held that; "Per se sixth ammendment violation occurs where;"

1) there were protected Attorney-Client Communications;

2) the Government purposefully INTRUDED into the Attorney-Client Relationship;

3) the Government became "PIVY" to protected Attorney-Client Communication as a result of it's purposeful Intrusion; and

4) the Intrusion was not Justified by any legitimate Law Enforcement Interest.

Once those factors are established, "a PREJUDICIAL" effect on the Reliability of the Trial Process must be presumed.

I spoke with my Counsel of Defense Christine Blegen multiple times by phone and in person durring LEGAL VISITS while housed at CCA. My legal visits total over SEVEN HOURS outside of the long phone communications also. The Special Master

Investigation ordered by Judge Julie Roberts within this Court revealed that all inmates housed at CCA from August 2013 through August 2016 and posibly into June of 2017 had Attorney Communications Compromised at the hands of the Government by and through CCA and Securus.

I suffered extreme prejudice because of the Intusion by the Government due to the fact that upon my Motion under 41(g) and Motion to Terminate Counsel that I filed within the MWD and Kansas District in 2016 based on a claim that my Attorney communication had been compromised by the Government without the consent of myself nor Counsel Blegen. Blegen was forced to defend herself against my claim further exposing Attorney Client information and then Counsel Blegen filed a Motion to WITHDRAW as my counsel due to the now conflict of interest. The MWD Court would not take her off of my case granting a PROVISIONAL DENIAL of my 41(g) and motion to terminate counsel. I was forced to proceed with Counsel with a known conflict because i could not afford to pay for a private Attorney.

CONCLUSION

As to my previously submitted claims it is far feached and unreasonable to assume that I have no interest in the currently pending Class Action Litigation as a MEMBER that should have been notified and placed as a member of said Class Action. This attempt toPrerequisite Class may SUE or be SUED as representative parties on behalf of all MEMBERS ONLY if:

1) class is so numerous that JOINDER of MEMBERS is impracticable,
2) there are questions of law or fact common to the class;
3) the claims or Defenses of the representative parties are typical of the cliams or Defenses of the class;and
4) the representative parties will fairly and adequately protect the interest of the class. I pray that this Court will Determin that I am a Class MEMBER.

RESPECTFULLY SUBMITTED
PRINT: _Tvwan A. Poole_
SIGNATURE: _Tyn O. Poole_
DATE: _December 6, 2019_

CERTIFICATE OF SERVICE

On the 6th day of December, 20 19, by a declaration and in compliance with 28 USC § 1746 and CLERK FILING RULE 25 (A)(2)(B)(C) BEING a Pro Se undersigned party served the following Document or Documents:
MOTION FOR DETERMINATION OF
CLASS ACTION STATUS
RULE 23(C)(1)

On:   CLERK OF COURT c/o
      KANSAS DISTRICT COURT
      500 STATE AV.
      KANSAS CITY, KANSAS 66101

by Delivering a copy via United States Postal Service per Prison Mail; Furthermore so that this Motion may be FORWARDED to any necessary Personnel.

PRINT: TYWAN A. POOLE
SIGNATURE: 
DATE: December 6, 2019

TYWAN A. POOLE # 25194-045
F.C.C. FORREST CITY LOW
P.O. BOX # 9000
FORREST CITY, ARKANSAS
           72336