**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| Ashley Huff and Gregory Rapp, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CoreCivic, Inc., f/k/a Corrections Corporation of America,<br><br>and<br><br>Securus Technologies, Inc.<br><br>Defendants. | ) | Case No. 2:17-cv-02320 |

**MOTION FOR AWARD OF ATTORNEY'S FEES, EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS**

# Exhibit 6

LEGAL NOTICE BY ORDER OF
THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

# IF YOU WERE DETAINED AT CORECIVIC CORRECTIONAL FACILITY IN LEAVENWORTH, KS BETWEEN JUNE 1, 2014 AND JUNE 19, 2017, YOU MAY HAVE A CLAIM UNDER THE SETTLEMENT DESCRIBED BELOW.

**READ THIS NOTICE AND FOLLOW THE INSTRUCTIONS CAREFULLY**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

A settlement has been proposed by plaintiffs and defendants in a lawsuit involving CoreCivic, Inc. (formerly known as Corrections Corporation of America) and Securus Technologies, Inc. (collectively referred to as "Defendants"). The case was brought on behalf of certain individuals detained at CoreCivic's correctional facility in Leavenworth, KS from June 1, 2014 through June 19, 2017. The lawsuit alleged that Defendants illegally recorded communications between detainees and their attorneys without consent. Defendants deny the allegations and any liability. The case has been vigorously contested by the parties. The proposed settlement provides benefits to certain people who were detained, and had their attorney-client phone conversations recorded during the relevant time period.

**IF YOU ARE RECEIVING THIS NOTICE VIA U.S. MAIL FROM RG2 CLAIMS ADMINISTRATION, YOU HAVE BEEN IDENTIFIED AS A CLASS MEMBER IN THIS SETTLEMENT.**

Your legal rights are affected whether or not you respond. **Your rights and options — and the deadlines to exercise them — are explained in this notice. *Read this notice carefully***

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS FOR THE SETTLEMENT | |
|---|---|
| **REMAIN A MEMBER OF THE SETTLEMENT CLASS** | To remain a class member of the Settlement, you do not need to do anything. You automatically will be included in the Settlement Class. If you choose to remain in the Settlement Class, you will give up your right to sue Defendants on the claims relating to the subject matter of the lawsuit. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS** | You may request exclusion from the Settlement Class (also known as "opting out") by submitting a letter to the Parties at the addresses below. **The request(s) for exclusion must be postmarked no later than January 7, 2020**. If you exclude yourself from the Settlement, you will not lose any claims you may have against Defendants, and you will not be bound by any judgments or orders of the Court as to the Settlement. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court about why you do not like the Settlement. To object to or comment on the Settlement, you must send a copy of your objection via mail to the Court, Class Counsel, and counsel |

| | |
|---|---|
| | for Defendants. Their addresses are listed below. **Your written objection must be postmarked no later than January 7, 2020.** |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement.<br><br>The Court will hold a Fairness Hearing on January 28, 2020 at 9:00 a.m. to consider whether the Settlement is fair, reasonable, and adequate, and may also consider the motion for Plaintiffs' attorneys' fees, costs and expenses, as well as a request that the named plaintiffs be paid a class representative service award. |

## WHAT THIS NOTICE CONTAINS

**Basic Information** .......... **4**

1. WHAT IS THIS LAWSUIT ABOUT? .......... 4
2. WHAT IS A CLASS ACTION AND WHO IS INVOLVED? .......... 4

**Who Is in the Settlement** .......... **4**

3. WHO IS A CLASS MEMBER? .......... 4
4. DID THE COURT DECIDE WHO IS RIGHT? .......... 4

**What the Settlement Provides** .......... **5**

5. WHAT DOES THE SETTLEMENT DO? .......... 5

**If You Do Nothing** .......... **6**

6. WHAT HAPPENS IF I DO NOTHING? .......... 6

**Excluding Yourself from the Settlement** .......... **6**

7. WHY WOULD I ASK TO BE EXCLUDED (OPT OUT)? .......... 6
8. HOW DO I OPT OUT FROM THE CLASS? .......... 6
9. IF I DON'T EXCLUDE MYSELF, CAN I SUE FOR THE SAME THING LATER? .......... 7

**Objecting to the Settlement** .......... **7**

10. HOW DO I OBJECT TO THE SETTLEMENT? .......... 7-8

**The Lawyers Representing You** .......... **9**

11. DO I HAVE A LAWYER IN THE CASE? .......... 9
12. HOW WILL THE LAWYERS AND CLASS REPRESENTATIVE BE PAID? .......... 9
13. SHOULD I GET MY OWN LAWYER? .......... 9
14. HOW ARE THE COSTS OF PROVIDING NOTICE TO CLASS MEMBERS PAID FOR? .......... 9

**The Fairness Hearing** .......... **9**

15. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? 9
16. DO I HAVE TO COME TO THE HEARING? .......... 10
17. MAY I SPEAK AT THE HEARING? .......... 10

**Getting More Information** .......... **10**

18. ARE THERE MORE DETAILS ABOUT THIS LAWSUIT? .......... 10
19. HOW CAN I LEARN MORE? .......... 10

## BASIC INFORMATION

### 1. WHAT IS THIS LAWSUIT ABOUT?

The lawsuit alleges that CoreCivic and Securus illegally recorded communications between detainees and their attorneys without their consent, in violation of Kansas and federal wiretapping statutes.

CoreCivic and Securus deny all allegations of wrongdoing and contend that they fully complied with the law.

### 2. WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action lawsuit, one or more people called "class representatives" sue on behalf of themselves and other people who have similar claims. Together, they are called a "class" or "class members." The class representatives for this Settlement are Ashley Huff and Greg Rapp, two individuals who were detained at the CoreCivic Correctional Facility in Leavenworth, KS and allegedly had phone calls with their attorneys recorded during a certain time period (the "Class Period").

The Class Period is June 1, 2014 through June 19, 2017.

## WHO IS IN THE SETTLEMENT

### 3. WHO IS A CLASS MEMBER?

The class has been defined as:

All detainees at Leavenworth Detention Center who, during the period of June 1, 2014 through June 19, 2017, had their attorney-client telephone calls recorded by Defendants: (a) after the detainee requested privatization of his or her attorney's phone number **(subclass A)**; (b) after his or her attorney requested privatization of the attorney's phone number **(subclass B)**; (c) after District Judge Julie Robinson's cease and desist order on August 10, 2016, in the case styled *U.S. v. Black*, Case No. 2:16-CR-20032 **(subclass C)**; or (d) after the detainee or his or her attorney otherwise notified one or more Defendants in writing of their attorney-client relationship and provided written notification of the attorney's phone number at issue **(subclass D)**.

If you have received this Notice through the U.S. Mail from RG2 Claims Administration, then you have been identified by the parties to be a Class Member within one of the subclasses defined above. There is a letter after your name on the address label of this Notice. That letter is the designation of your Subclass.

### 4. DID THE COURT DECIDE WHO IS RIGHT?

No, the parties entered into the Settlement before the lawsuit reached a trial or court decision, so if the Court approves the Settlement there will not be a trial or decision about which side was right.

## WHAT THE SETTLEMENT PROVIDES

### 5. WHAT DOES THE SETTLEMENT DO?

The parties have agreed to settle this matter by creating a Settlement Fund of $1,450,000.00, of which CoreCivic shall fund $1,100,000.00 and Securus shall fund $350,000.00, in exchange for the releases described in Section VIII of the Settlement Agreement. The Settlement Fund shall be apportioned as follows:

1. Class Counsel will seek court approval of an award consisting of attorneys' fees, costs, litigation expenses, class notice costs, Costs of Settlement Administration expenses and class representative incentive awards in the total amount of $498,800 (approximately 34% of the Settlement Fund). Defendants agree not to object to this request.

2. The remaining Settlement Fund, after payment of costs, expenses, and attorneys' fees, shall be provided to Participating Claimants on a pro rata basis as follows:

   - $432,000 to be divided among Class Members in subclasses A and B combined, up to a maximum of $10,000.00 per Class Member;
     - Class Counsel believe there are 73 Class Members in subclasses A and B combined;
     - Class Counsel anticipate that Class Members in subclasses A and B who do not opt out will each receive approximately $5,917.50 or more.
   - $384,000 to be divided among Class Members in subclass C, up to a maximum of $10,000.00 per Class Member;
     - Class Counsel believe there are 193 Class Members in subclass C;
     - Class Counsel anticipate that Class Members in subclass C who do not opt out will each receive approximately $1,989.50 or more.
   - $135,200 to be divided among Class Members in subclass D, up to a maximum of $500 per Class Member;
     - Class Counsel believe there are 273 Class Members in subclass D;
     - Class Counsel anticipate that Class Members in subclass D who do not opt out will each receive approximately $495.50 or more.

3. In the event that the Settlement Fund, after payment of costs, expenses, and attorneys' fees, is not fully depleted, the amount left over will be donated to Kansas Legal Services within 30 days.

4. After six (6) months, any uncashed Class Member payments will be void and those funds will be held in trust by the Settlement Administrator for a period of two (2) years from the date of final approval of the Settlement, during which time Class Members can request payment from the Settlement Administrator. Any unclaimed amounts remaining in trust at the close of the two-year period following final approval shall be donated to Kansas Legal Services within 30 days.

In addition to the $1,450,000 fund created by Defendants referenced above, Defendants have also agreed to pay up to $2,000 ($1,000.00 by CoreCivic and $1,000.00 by Securus) for postal charges for mailing out the Class Notice.

Defendants have also agreed to pay the costs associated with the "CAFA Notice" required by law.

## IF YOU DO NOTHING

### 6. WHAT HAPPENS IF I DO NOTHING?

If you are a Class Member and you do nothing, you will be included in the Settlement Class and:

- You will be bound by the Settlement if it is approved by the Court.
- You will not be able to sue the Defendants on your own for the legal claims that are resolved by the Settlement.
- You will receive payment as follows:
  - If you are incarcerated within the federal Bureau of Prisons system when the Settlement becomes final, your payment will be sent by U.S. Postal Money Order to the Bureau of Prisons collection office in Iowa, for deposit into your commissary account. If you want your payment sent to a different address, you may contact the Settlement Administrator or Class Counsel using the information below and provide instructions.
  - If you are not within the Bureau of Prisons system when the Settlement becomes final, payment by money order will be sent to your last known address.
  - If your Tax Id is not in Defendant's records your payment may be subject to backup withholding. To avoid having your payment subject to backup withholding you can execute a Form W-9 on the settlement website and transmit the completed Form W-9 to the Settlement Administrator. If you would like to receive a Form W-9 by mail, please contact the Settlement Administrator and they will mail you a Form W-9.
  - Class Members will receive an IRS Form 1099 for their settlement payment. By not opting out of the Settlement, Class Members represent that they understand that it is their obligation to pay appropriate federal, state, and local income taxes on all payments that qualify as taxable income. By not opting out of the Settlement, Class Members also represent that they understand that no party to the Litigation is providing tax advice or assuming any liability for the tax consequences or treatment of the settlement payments.

If you want to pursue any claim related to the issues in the Action on your own and at your own expense against any of the Defendants, you need to exclude yourself ("opt out") from the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 7. WHY WOULD I ASK TO BE EXCLUDED (OPT OUT)?

You would ask to be excluded if you want to keep your right to pursue your own individual lawsuit against the Defendants relating to the issues in the Action. If you choose to opt out, you may be able to sue the Defendants on your own and you will not be bound by the Settlement.

### 8. HOW DO I OPT OUT FROM THE CLASS?

If you want to exclude yourself from the Settlement (known as "opting out"), you must provide an opt out request. A request to opt out must be in writing and must include your name, address, telephone number and a statement that you are seeking exclusion from the Settlement. The opt out request must be personally

signed by the person requesting the opt out. Any opt out request must include a reference to "Huff v. CoreCivic, Inc., Case No. 17-cv-02320" and must be mailed to:

| Settlement Administrator |
| --- |
| Huff v CoreCivic, Inc. Notice Administrator,<br>c/o RG/2 Claims Administration LLC<br>P.O. Box 59479<br>Philadelphia, PA 19102-9479 |

To be considered timely and effective, your opt out request must be postmarked on or prior to January 7, 2020. You cannot opt out by having an agent or attorney submit the opt out request on your behalf, and an opt out request cannot be submitted on behalf of a group of persons. Each person who does not follow these instructions in submitting an opt out request shall be included in the Settlement and deemed a Settlement Class Member.

If 15% or more of Class Members opt out of the Settlement, or if the claims of Class Members that opt out total $300,000 or more using the maximum subclass amount described in paragraph 5 above, either of the Defendants can elect to terminate this Settlement prior to the Fairness Hearing described below. If a Defendant terminates this Settlement under this provision, you will be informed of this decision by a posting on the Settlement website described in this Notice, you will not receive any payment, your claims will not be affected by this Settlement and the lawsuit will continue as if the Settlement had not occurred.

**REQUESTS FOR EXCLUSION THAT ARE NOT POSTMARKED ON OR BEFORE JANUARY 7, 2020 WILL NOT BE HONORED.**

### 9. IF I DON'T EXCLUDE MYSELF, CAN I SUE FOR THE SAME THING LATER?

No. If you are a Class Member and the Court approves the Settlement, unless you exclude yourself from the Settlement you will lose your right to sue the Defendants for relief arising from the claims that are resolved by the Settlement.

## OBJECTING TO THE SETTLEMENT

### 10. HOW DO I OBJECT TO THE SETTLEMENT?

You can object to the Settlement. Submitting an objection gives you the chance to tell the Court why you think the Court should not approve the Settlement, but will not exclude you from the Settlement. If you wish to object to any aspect of the Settlement, you must file a written notice of objection with the Court as provided below (the "Notice of Objection"). Your Notice of Objection must be postmarked on or before January 7, 2020. For purposes of determining whether your Notice of Objection is timely, it shall be deemed submitted to the Court when it is postmarked. Notices of Objection can be mailed to the Clerk of the Court at:

Clerk of the Court
US District Court, District of Kansas
Courtroom 427
500 State Avenue, Ste. 511
Kansas City, KS 66101

Copies of your Notice of Objection must also be postmarked and mailed, or delivered, to the following at the same time or before the date for filing a Notice of Objection:

| Class Counsel | Defense Counsel |
|---|---|
| Robert A. Horn<br>Joseph A. Kronawitter<br>Horn Aylward & Bandy, LLC<br>2600 Grand Blvd., Suite 1100<br>Kansas City, MO 64108 | Thomas Kokoruda<br>Amy D. Fitts<br>Polsinelli, PC<br>900 W. 48th Place Ste. 900<br>Kansas City, MO 64112<br><br>Ryan Harding<br>Husch Blackwell<br>235 E. High St.<br>Jefferson City, MO 65101 |

Your Notice of Objection must be in writing, and must specifically include:

a. The name, address, telephone number, and email address of the class member filing the objection;

b. Information identifying the objector as a Settlement Class Member, which shall be:

i. A copy of the Initial Notice, or

ii. Unequivocal documentary proof that he or she is within the definition of the Settlement Class described in the Settlement Agreement.

c. written statement of all grounds for the objection accompanied by any legal support for the objection;

d. the identity of all counsel representing the objector;

e. the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

f. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

g. a statement confirming whether the objector intends to testify at the Final Approval Hearing;

h. the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such authorization); and

Any person who does not object in the manner set forth above shall be deemed to have waived such objection and shall forever be foreclosed and barred from making any objection to the fairness, adequacy, or reasonableness of the Settlement.

**OBJECTIONS THAT ARE NOT POSTMARKED ON OR BEFORE JANUARY 7, 2020 WILL NOT BE HONORED.**

## THE LAWYERS REPRESENTING YOU

### 11. DO I HAVE A LAWYER IN THE CASE?

Yes, unless you exclude yourself from the Settlement Class. The Court decided that Robert Horn and Joe Kronawitter (from the law firm Horn Aylward & Bandy, LLC) and Brian Timothy Meyers (from the Law Office of Brian Timothy Meyers), all from Kansas City, Missouri, are qualified to represent the members of the class. Together, these lawyers are called "Class Counsel." You will not be charged by these lawyers for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 12. HOW WILL THE LAWYERS AND CLASS REPRESENTATIVE BE PAID?

Class Counsel will ask the Court to approve payment of attorneys' fees. Specifically, under the terms of the Settlement, Class Counsel may apply for payment of attorneys' fees, costs, litigation expenses, class notice and Costs of Settlement Administration expenses and class representative incentive awards up to $498,800. This includes a request that the Court approve a "service award" of up to $5,000 for the two class representative plaintiffs who brought the lawsuit, in recognition of their service and commitment to the case and the Settlement Class Members. Any service award payment must be approved by the Court.

### 13. SHOULD I GET MY OWN LAWYER?

If you don't exclude yourself, you do not need to hire your own lawyer because Class Counsel is working on your behalf. If you want your own lawyer, you will have to pay that lawyer. You can ask that lawyer to appear in Court for you and speak on your behalf instead of Class Counsel.

### 14. HOW IS THE COST OF PROVIDING NOTICE TO CLASS MEMBERS PAID FOR?

The Settlement provides that CoreCivic and Securus will each pay $1,000 for Notice. The rest of the cost of Notice and Settlement Administration will be paid from the award requested by Class Counsel that is referenced in paragraph 12 above.

## THE FAIRNESS HEARING

### 15. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing on January 28, 2020 at 9:00 a.m., at the United States District Court for the District of Kansas, Courtroom 427, 500 State Avenue, Suite 511, Kansas City, KS 66101. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The judge in the case, the Honorable Julie A. Robinson, will listen to people who have asked to speak at the hearing. The Court may also decide how much in attorney fees and expenses to pay to Class Counsel, as well as the amount of any service award payable to the named plaintiffs. After the hearing, the Court will decide whether to approve the Settlement. It is not known how long that decision will take.

### 16. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have at the Fairness Hearing, but you are welcome to attend at your own expense. If you send a written objection to the Settlement as described above, you don't have to come to Court to talk about it at the Fairness Hearing. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend the Fairness Hearing, but it is not necessary.

### 17. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in Huff v. CoreCivic, Inc., Case No. 17-cv-02320." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than January 7, 2020, and must be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the addresses set forth in Question 10 above. You cannot speak at the hearing if you opted out of the Settlement.

## GETTING MORE INFORMATION

### 18. ARE THERE MORE DETAILS ABOUT THIS LAWSUIT?

Some relevant case filings, pleadings and documents are available at the settlement website: www www.rg2claims.com/KSwiretap. Additional information may be found at the Court's website by visiting http://www.ksd.uscourts.gov, and reviewing the docket related to *Huff v. CoreCivic, Inc.*, Case No. 17-cv-02320.

### 19. HOW CAN I LEARN MORE?

If you have additional questions about the Settlement and the case, you can go to go to www www.rg2claims.com/KSwiretap or email WiretapClassSettlement@hab-law.com. You can also write to:

Huff v CoreCivic, Inc. Notice Administrator,
c/o RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479
1-866-742-4955
info@rg2claims.com