# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Ashley Huff and Gregory Rapp, Individually and on Behalf of All Others Similarly Situated, ) ) ) ) ) Plaintiffs, ) ) v. ) ) CoreCivic, Inc., f/k/a Corrections Corporation of America, ) ) ) ) and ) ) Securus Technologies, Inc. ) ) Defendants. ) ) | Case No. 2:17-cv-02320-JAR-JPO |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of three *pro se* movants to intervene in this class action case pursuant to Fed. R. Civ. P. 24: Tywan A. Poole (Docs. 147, 153, 154), Montgomery Carl Akers (Docs. 149, 156), and Tyreece Gray (Doc. 155) (collectively "Movants"). A hearing on the motions was held January 28, 2020. For the reasons articulated by the Court from the bench and explained in detail below, the Court denies Movants' requests to intervene.

**I.  Background**

This litigation arises out of a lawsuit alleging state and federal wiretap claims against CoreCivic, Inc. ("CCA") and Securus Technologies, Inc. ("Securus"). Named Plaintiffs Ashley Huff and Gregory Rapp are individuals who were held by the United States Marshal Service at CCA beginning on or about October 6, 2015 and August 14, 2014, respectively. They allege that they had numerous phone conversations with their attorneys while housed at CCA with the

1

understanding that their conversations were private. Plaintiffs allege that CCA and Securus recorded communications between detainees and their attorneys. Plaintiffs allege that after entry of this Court's 2016 cease and desist order in *United States v. Black*, No. 16-20032-JAR (D. Kan.), Defendants continued to record attorney-client telephone calls for no legitimate reason related to the facility's security or public safety.

On September 26, 2019, this Court granted preliminary approval of the class action settlement between the parties, whereby Defendants agreed to establish a common settlement fund in the amount of $1,450,000 to be paid to Settlement Class Members consisting of detainees or former detainees at CCA as damages related to recording phone calls between detainees and their attorneys.[1] The proposed Settlement Class consists of approximately 540 persons, many of whom remain incarcerated:

> All detainees at Leavenworth Detention Center who, during the period of June 1, 2014 through June 19, 2017, had their attorney-client telephone calls recorded by Defendants: (a) after the detainee requested privatization of his or her attorney's phone number (subclass A); (b) after his or her attorney requested privatization of the attorney's phone number (subclass B); (c) after Judge Robinson's cease and desist order on August 10, 2016, in the case styled *U.S. v. Black*, Case No. 2:16-CR-20032 (subclass C); or (d) after the detainee or his or her attorney otherwise notified one or more Defendants in writing of their attorney-client relationship and provided written notification of the attorney's phone number at issue (subclass D).

Class Counsel developed the Settlement Class member list by reviewing voluminous call record information and cross-referencing with privatization data produced by Defendants. Class Counsel worked with CCA and the United States Probation Office to determine current addresses. Notice of the Settlement was provided and the Court conducted a Fairness Hearing on January 28, 2020. Class Counsel did not identify Poole, Akers, nor Gray as members of the Settlement Class.

---

[1] Doc. 146.

2

**II.    Discussion**

Fed. R. Civ. P. 24 contemplates two grounds for intervention: intervention of right under Rule 24(a), and permissive intervention under Rule 24(b). The movant bears the burden of demonstrating that he has satisfied the conditions necessary for either grounds for intervention.[2] Movants have not met their burden under either rule.

**A.    Intervention as of Right**

Intervention as of right is mandatory when a federal statute gives the applicant an unconditional right to intervene, or when the applicant satisfies each of four conditions: "(1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties."[3]

Movants have not identified any federal statute giving them an unconditional right to intervene in this case under Rule 24(a)(1) and cannot satisfy the third and fourth factors established by Rule 24(a)(2). Defendants represent that after extensive review, their records do not indicate that any Movant is a member of the Settlement Class or any of the sub-classes certified by the Court in this case, nor has any Movant provided any evidence to establish class membership. Because Movants have not established class membership, they effectively maintain no interest in the disposition of this cause and fail to show how their respective interests would be impaired or impeded by the denial of intervention. In fact, adding Movants to this case would prejudice their interests because they would not benefit from the Settlement. Should the Court approve the Settlement, this case will be dismissed with prejudice; if Movants are added as parties, they will receive no compensation under the Settlement and their claims will be

---

[2]*See United States v. Albert Inv. Co.*, 585 F.3d 1386, 1390 (10th Cir. 2009).

[3]*Elliott Indus. Ltd. P'ship v. B.P. Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005) (citing *Coalition of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996)).

dismissed with prejudice. Further, any interest Movants do maintain, though not described in their respective motions, can be pursued through separate litigation.

> **B. Permissive Intervention**

Under Rule 24(b)(1)(B), on timely motion, the court may permit intervention to anyone who "is given a conditional right to intervene by federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." The decision whether to grant a motion for permissive intervention is within the district court's sound discretion.[4] In exercising its discretion, "the court must consider whether the intervention will unduly delay or prejudice adjudication of the original parties' rights."[5] Permissive intervention should be denied when the potential intervenor will not "significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."[6]

Here, the Court agrees with the parties that Movants' addition to this class action litigation as *pro se* litigants, at this late stage of the case, would not aid in the disposition of the case. Instead, intervention would only serve to unnecessarily clutter and delay adjudication of the current proceedings. Accordingly, Movants' motions are denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motions to Intervene filed by Tywan A. Poole (Docs. 147, 153, 154); Montgomery Carl Akers (Docs. 149, 156); and Tyreece Gray (Doc. 155) are DENIED.

---

[4]*See City of Stillwell v. Ozarks Rural Elec. Co-op Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996).

[5]Fed. R. Civ. P. 24(b)(3); *see also Tri-State Generation & Transmission Ass'n, Inc. v. N.M. Pub. Regulation Comm'n*, 787 F.3d 1068, 1069 (10th Cir. 2015) (upholding district court's denial of permissive intervention where intervention would "burden the parties with additional discovery").

[6]*Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992) (permissive intervention properly denied when it "would only clutter the action unnecessarily").

**IT IS SO ORDERED**.

Dated: January 28, 2020

                                         S/ Julie A. Robinson
                                         JULIE A. ROBINSON
                                         CHIEF UNITED STATES DISTRICT JUDGE