## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Ashley Huff and Gregory Rapp,** ) | |
| **Individually and on Behalf of All Others** ) | |
| **Similarly Situated,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 2:17-cv-02320-JAR-JPO** |
| ) | |
| **CoreCivic, Inc., f/k/a Corrections** ) | |
| **Corporation of America,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **Securus Technologies, Inc.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, GRANTING MOTION FOR ATTORNEY FEES, AND OVERRULING OBJECTIONS

This case is before the Court on several matters: (1) Plaintiffs' Motion for Final Approval of Class Action Settlement (Doc. 171); (2) certain class member objections to the Settlement (Doc. 161, Doc. 162, Doc. 163, Doc. 165, Doc. 170, Doc. 172-2, Doc. 172-3, and Doc. 172-4), and (3) Plaintiffs' Motion for Award of Attorney Fees, Expenses and Incentive Awards (Doc. 158). The parties to this litigation have entered into an Amended and Restated Settlement Agreement and Release (the "Agreement")[1] to settle the above-captioned putative class action in its entirety. All capitalized terms used in this Order have the meaning as defined in the Agreement.

The Court held a Final Approval Hearing on January 28, 2020.  Having considered the issues, the briefing supplied by the parties and objectors, and being fully advised in the premises,

---

[1]A copy of which is filed as Doc. 140-2.

the Court made findings from the bench.  For the reasons stated in detail on the record and as supplemented herein, IT IS HEREBY ORDERED as follows:

This Court has jurisdiction over the subject matter of the Settlement, the parties and class members pursuant to 28 U.S.C. § 1332, and venue is proper pursuant to 28 U.S.C. § 1391.

## I.     THE CLASS SATISFIES THE REQUIREMENTS OF FRCP 23

On September 26, 2019, this Court preliminary certified, for settlement purposes only, the following class:

> All detainees at Leavenworth Detention Center who, during the period of June 1, 2014 through June 19, 2017, had their attorney-client telephone calls recorded by Defendants: (a) after the detainee requested privatization of his or her attorney's phone number (subclass A); (b) after his or her attorney requested privatization of the attorney's phone number (subclass B); (c) after Judge Robinson's cease and desist order on August 10, 2016, in the case styled *U.S. v. Black*, Case No. 2:16-CR-20032 (subclass C); or (d) after the detainee or his or her attorney otherwise notified one or more Defendants in writing of their attorney-client relationship and provided written notification of the attorney's phone number at issue (subclass D).

*See* Order, Doc. 146.

Having considered the matter, the Court grants final certification to the Class for purposes of settlement only, for the reasons set forth below.

### A.     Rule 23(a) Requirements

#### 1.     *Numerosity*

The Settlement Class consists of more than five hundred individuals who were detained at CCA-Leavenworth and fall within the class definition referred to above. Thus, joinder is impracticable and the numerosity requirement is satisfied.

#### 2.     *Commonality*

In this case, numerous questions of law and fact are common to the Settlement Class and satisfy the requirement of commonality. The method of recording calls with respect to all

Class Members was alleged to be uniform, and alleged to produce the same type of injury—a state or federal wiretap violation—arising from the recording of attorney-client communications. Defendants' ability to assert defenses to such claims, including a consent defense, differs among the class members. However, that issue was addressed by the formation of subclasses that receive graduated payments under the Settlement to take into account the relative strengths and weaknesses of the differing facts underlying the subclasses. The uniformity of Defendants' alleged conduct in relation to Class Members (i.e., Defendants' recording of attorney-client calls) creates the legal question "linking the class members" which is substantially related to the resolution of the litigation. The very similar nature of the claims held by Class Members is sufficient to satisfy the commonality requirement of Rule 23(a)(2).

### 3.    *Typicality*

Typicality is satisfied as to the Class because each Class Member, including each Plaintiff, was allegedly treated the same by Defendants, and the claims of the Plaintiffs are identical to those of the Class—statutory wiretap violations. Thus, each Class Member, including Plaintiffs, holds the same claims. The typicality requirement of Rule 23(a)(3) is satisfied.

### 4.    *Adequate Representation*

The Court finds that both aspects of the adequacy requirement of Rule 23(a)(4) have been satisfied. First, there is no evidence or indication of a conflict between the interests of the Plaintiffs and the Class Members and all Class Members will receive economic benefits from the Settlement. On the common issues and relief obtained, Class Members stand to gain as much as the Plaintiffs—depending on the subclass each falls within—and the Plaintiffs have advocated as vigorously for the Class Members as they have for themselves. Second, Class Counsel have substantial experience in the arena of complex and class-action litigation, and are qualified,

experienced and have vigorously pursued this Litigation.  Since the Plaintiffs and Class Members are alleged to have suffered the same injury, and the relief obtained through the Settlements will apply to all Class Members and Plaintiffs, the requirements of Rule 23(a) are met with respect to the proposed Settlement Class.

### B.       Rule 23(b)(3) Requirements

The Court finds that the Settlement meets the requirements of Federal Rule of Civil Procedure 23(b)(3). Here, the proposed Settlement Class is sufficiently cohesive because the Plaintiffs and all Class Members seek redress for claims arising out of the same allegedly unlawful conduct. Because the wiretap claims of Plaintiffs and Class Members arise out of events that occurred uniformly throughout the Settlement Class, common questions predominate over individual questions. In addition, because Plaintiffs seek certification of the Settlement Class only to effectuate the Settlement, the Court need not consider whether a trial would be unmanageable. Furthermore, class resolution is superior to other available methods for the fair and efficient adjudication of this controversy. The Class Members' claims could prove uneconomical for individual action because litigation costs could dwarf potential recovery.[2]

Accordingly, for purposes of settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court grants final certification to the Class identified above.

The Court confirms the appointment of Plaintiffs Ashley Huff and Gregory Rapp to serve as the class representatives.

The Court confirms the appointment of Robert Horn, Joseph Kronawitter and Brian T. Meyers to serve as Class Counsel for the Settlement Class.

---

[2]While the pursuit of claims by an individual may be economically inefficient and cost-prohibitive, the opt-out procedures provide a mechanism for Class Members who are dissatisfied with the Settlements to preserve and pursue individual claims that they may have.

## II.      THE SETTLEMENT SATISFIES THE REQUIREMENTS OF RULE 23(E)

### A.      Rule 23(e)(1)

The Court approved a notice plan designed to provide notice to all individuals deemed to be members of the Class as defined above. *See* Order, Doc. 146. The Court found that the parties' proposed notice plan set forth a reasonable manner to provide notice to all class members who would be bound by the proposed settlement. Approval was given to the form of, and the provisions for, disseminating the Class Notice containing the text indicated in the revised class notice provided by the parties. The Court found that the Class Notice constitutes the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution. The costs of providing Class Notice to the Settlement Class are provided in the Settlement Agreement.

Plaintiffs have provided the Court with the affidavit of the Settlement Administrator, RG2 Administration. *See* Doc. 171-3. Based upon the representations in the affidavit, it appears that the Settlement Administrator faithfully executed the Court approved notice plan.

### B.      Rule 23(e)(2)

The Court finds the proposed settlement is fair, reasonable, and adequate after considering the following:

1.      The class representatives and Class Counsel have adequately represented the class. Plaintiffs and Class Counsel have vigorously and fully analyzed the claims and defenses in this case, and Plaintiffs have been actively involved in the litigation through investigation, discovery and the mediation and settlement process, as evidenced by their

affidavits submitted in conjunction with the motion for attorney fees. *See* Doc. 158-2, Doc. 158-3, Doc. 158-4, Doc. 158-5, Doc. 158-6, Doc. 158-8, and Doc. 158-9.

2.     The Court has considered and reviewed the affidavit of Mr. Goza submitted in connection with the final approval briefing. *See* Doc. 171-2. Based upon the affidavit, the Court is satisfied the Settlement was negotiated at arm's length.

3.     The Court finds the relief provided to Class Members is adequate in light of the following:

   i.     *the costs, risks, and delay of trial and appeal*;

There is a risk in this case that there will be no future relief to the class members without this settlement—the Court has made no finding on the merits of this case, and Defendants appear to believe strongly that, based on the case law,  their consent defense applies to most, if not all, class members. Under this settlement, class members will receive compensation in the very near future, not at some distant time in the future after several more years of litigation and appeals.

   ii.     *the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;*

The parties' proposal to distribute settlement funds is reasonable and adequate. The parties propose direct payments, with no claim form requirement from class members; if class members do nothing, they will receive payment. The parties propose to send money orders to class members that are not currently incarcerated. Class members currently within the Bureau of Prisons system will have their settlement funds deposited into their commissary account. Class members are also allowed

to contact the Settlement Administrator to direct their payment elsewhere. Class members have up to two years from the date of final approval to claim their funds from the Settlement Administrator. Any unclaimed funds will be donated to Kansas Legal Services, a non-profit law firm and community education organization helping low and moderate-income people in Kansas.

iii.     *The terms of any proposed award of attorney's fees, including timing of payment;*

Class Counsel have petitioned the Court for an award, pursuant to Fed. R. Civ. P 23(h), in the total amount of $498,800 (approximately 34% of the Settlement Fund), which is discussed in detail below. The fee award will pay for the costs of the third-party Settlement Administrator, class representative service awards of $5,000 for both named Plaintiffs, Class Counsel's attorney fees, litigation expenses and class notice costs in excess of the $2,000 contributed by Defendants. Class Counsel filed their motion seeking this award December 27, 2019 ten (10) days before the deadline for Class Members to object or opt out of the Settlement, and all such filings were posted to the settlement website administered by the Settlement Administrator. Class members were allowed to raise any issues or objections they have with the requested fee. Defendants have agreed not to object to the requested fee. The requested $5,000 service awards for Plaintiffs Ashley Huff and Greg Rapp would be in recognition of the substantial time, devotion and commitment they have contributed to this litigation, and for their work in prosecuting the claims of the Settlement

Class. Approved payments to Class Counsel and the Plaintiffs will not occur until after final approval, and close in time to the payments made to class members.

iv.     *Any agreement required to be identified under Rule 23(e)(3);*

Based on the submissions and representations of the parties, the Court finds there are no other agreements made in connection with the settlement, other than the Agreement and prior versions of the Agreement.

4.      The Court finds that the Settlement treats class members equitably relative to each other. Class Members in subclasses A and B who do not opt out will each receive approximately $5,917.50 or more; Class Members in subclass C who do not opt out will each receive approximately $1,989.50 or more, and Class Members in subclass D who do not opt out will each receive approximately $495.50 or more. This progressive payment structure is based upon the relative strengths and weaknesses of the claims by Class Members within the four subgroups such that, Class Members that have the strongest claims (in terms of the facts and the potential defenses to their claims) receive the largest payments, while class members that have what appear to be weaker claims receive less. The final result is an equitable division of the settlement proceeds.

Based upon the foregoing, pursuant to Rule 23(e)(2), the Court finds that the terms of the Settlement are fair, reasonable, and adequate for purposes of final approval.

C.      **Rule 23(e)(3)**

As noted above, the Court finds there are no other agreements made in connection with the settlement, other than the Agreement and prior versions of the Agreement.

**D.     Rule 23(e)(4)**

Because this Court did not previously certify this case as a class action, this Court finds that Rule 23(e)(4) is not applicable to this settlement.

**E.     Rule 23(e)(5)**

There were eight (8) objections filed by Class Members. It should be emphasized that Federal Rule 23's opt-out mechanism is specifically designed to allow dissatisfied class members the opportunity to remove themselves from the lawsuit and preserve their claims. The fact that only seven (7) Class Members elected to opt out of the Settlement seems to reveal two facts: (1) Class Members understood the Class Notice and how to opt out; and (2) the vast majority of the Class agreed to be bound by this Settlement.  The fact that so few class members objected to the Settlement weighs in favor of final approval.  As to the eight specific objections raised by Class Members, the Court finds them without merit and overrules their objections.

 Antonio Enriquez contends that his Settlement payment should be larger than the projected payments reflected in the Class Notice. *See* Doc. 172-2. That objection is overruled and denied. This Court must accept the Settlement or reject it as a whole; it cannot rewrite the parties' agreement.  For the reasons set forth herein, the Court found the Settlement as a whole to be fair, reasonable and adequate to the Class, including the distribution plan, when weighed against the costs and risks of continued litigation.

Albert Banks, Anthony Thompson, Johnny Lee Ivory, Enoch Clark, and Tyler Sutton contend they were miscategorized for purposes of the Settlement by being placed in the wrong subclass, which affects the amount of compensation they will receive. *See* Doc. 161, Doc. 162, Doc. 163, Doc. 165, and Doc. 172-4.  These objectors contend their subclass designation did not take into account, "the prejudicial effect from the government having access to my privileged

phone calls prior to my federal trial". *See* Doc. 162, and Doc. 163. The Court agrees with Class Counsel that those unsupported statements provide no substantive basis to conclude the Settlement as a whole is unfair or unreasonable.  As Class Counsel pointed out, no such objector has provided specific information to support their assertion of miscategorization, despite Class Counsel's request for them to do so. Class Counsel also assert they "triple and quadruple checked" to ensure Class Members were appropriately categorized in order to ensure there were no errors. On this record, the Court finds these objections to be without merit and they are overruled and denied.

Dale'von Dixon contends he lacks sufficient information to understand his rights, and believes the settlement is unfair. *See* Doc. 172-3. However, the Court-approved Class Notice fully explained the Settlement and Class Member rights. In addition, Class Counsel represent that they have corresponded with this Class Member <u>four</u> times to answer his questions and keep him updated about the Settlement. The Court finds no basis to reject the Settlement solely because this Class Member did not feel adequately informed.  The Tenth Circuit has articulated factors that courts must use in assessing whether a settlement is fair and reasonable. As noted in this Order, the Settlement meets those criteria. This objection is overruled and denied.

Reginald Smith contends that the Class Notice was inadequate because it required Class Members to access the internet. There is no basis for that suggestion. The parties submitted a proposed Notice, and this Court approved the Notice after ordering modifications. The Notice was detailed and provided forms so Class Members need not access a computer or printer. In other words, the Notice was designed so that Class Members did <u>not</u> have to seek information online. Mr. Smith also contends the Settlement is unfair because Class Members were not given a copy of the complaint, or the motion for attorney fees. But, there is no requirement that class

members receive copies of actual pleadings along with the class notice. Moreover, the Class Notice informed Class Members that they could contact the Settlement Administrator to receive additional information. Mr. Smith could have taken advantage of that benefit and written the Settlement Administrator asking for a copy of the complaint or fee motion. Alternatively, Mr. Smith could have written Class Counsel and asked for these materials. There is no evidence that he did so.

Mr. Smith next contends there was no explanation of the disparity between settlement subclasses.  The Notice provided the formula for distributing the Settlement Fund among Class Members.  But there is no requirement that the Class Notice explain all factors that went into the payment analysis. Finally, Mr. Smith objects to the amount of the requested attorney fees. The Court will take up Plaintiffs' motion for attorney fees and ensure that any fee award is fair and reasonable in accordance with Tenth Circuit law. Mr. Smith's objections are overruled and denied.

## III.   APPLICATION OF THE FAIRNESS FACTORS

### A.   The Settlement Was Fairly and Honestly Negotiated

Plaintiffs submitted the declaration from the parties' mediator, Kirk Goza, attesting to the fact that the settlement was arrived at through arms-length negotiation. Regarding the sufficiency of Plaintiffs' investigation, the Court is satisfied that Class Counsel fully investigated this matter in order to enable Class Counsel to act intelligently with respect to the Settlement and Class Members. Finally, there is no doubt the proponents of the Settlement are experienced in consumer class action litigation.

### B.   Whether Serious Questions of Law and Fact Exist

The Court is aware that Defendants have contended from the outset that Plaintiffs and the

Class Members (as well as other participants to the calls at issue) consented to the recording of their calls, and the Court is aware of the case law in this Circuit and others supporting Defendants' contention. In addition, the amount of statutory damages awarded for a federal wiretap violation is discretionary, subject only to a maximum cap. Thus, serious questions of law and fact exist in this matter.

### C.   Whether an Immediate Recovery Outweighs the Possibility of Future Relief After Protracted and Expensive Litigation

The Court finds that litigating this action through trial would have been expensive and time-consuming for the parties. Plaintiffs have indicated that Defendants would have contested class certification, and any class certification ruling would have been susceptible to a permissive appeal to the Tenth Circuit pursuant to Rule 23(f), which would have only prolonged this matter. Discovery and trial on the merits, followed by any post-trial motions and appeal, could have further prolonged this matter. The complexity and expense of further litigation was great, and weighs in favor of an immediate recovery through the Settlement.

In addition, the risks of maintaining this litigation as a class action through trial and appeal weigh in favor of approving this Settlement with its certain outcome and payment structure, especially where, as here, Class Members had the right to opt-out and pursue their own remedy if they so desired. By reaching this Settlement, the parties avoided protracted litigation and established a means for a prompt resolution of Class member claims. Given the alternative of a long, complex trial and appeal process — as well as the substantial risks involved — the availability of prompt relief under the Settlement is highly beneficial to the Class.

### D.   The Judgment of the Parties That the Settlement Is Fair and Reasonable

The Court finds that Class Counsel and Defendants' counsel are experienced in class action litigation, and have worked at arms-length to achieve this settlement, which they believe

to be fair and reasonable.

Based upon the foregoing, the Court finds this Settlement is fair, reasonable, and adequate.

## IV.    CAFA NOTICE, OPT OUTS AND RELEASE

### A.    Notice Pursuant to 28 U.S.C. § 1715

Based upon the submission of Plaintiffs, the Court is satisfied that appropriate notices were provided by Defendants to governmental entities as required by 28 U.S.C. § 1715. *See* Doc. 173.

### B.    Class Member Opt Outs

The Settlement Administrator has provided the Court with a list of Class Members that filed opt outs in order to exclude themselves from the Settlement. Accordingly, the Court finds that the class members listed on Exhibit C to the Settlement Administrator's affidavit (filed as Doc. 171-6), have opted out of the Settlement. [3]

### C.    Release Provisions

Pursuant to the Settlement Agreement, and upon the Effective Date of the Agreement, Defendants CoreCivic and Securus and all other Released Parties are released from any and all claims or causes of action arising out of or relating to the monitoring, recording, and/or use of communications (including but not limited to telephone communications, in-person communications, and video communications) at the Leavenworth Detention Center that were, could have been, or should have been asserted against them by any Settlement Class Member who has not timely and properly opted out of the Settlement Agreement and any claims or causes of action arising out of or relating to any related facts, conduct, omissions, transactions,

---

[3] Attached as Exhibit 1 is a list, provided by the Settlement Administrator, of all known Settlement Class Members who did <u>not</u> timely opt out.

occurrences, or matters that were or could have been alleged in the Lawsuit. For the avoidance of doubt, the releases set out herein shall include, but not be limited to, releases of all such claims or causes of action that relate to the monitoring, recording, and/or use of communications that occurred up to and through August 8, 2019. Plaintiffs and all Settlement Class Members (save those class members who excluded themselves by opting out) waive any and all claims for (1) actual damages; (2) punitive damages; (3) prejudgment interest; (4) any request for relief from CoreCivic or Securus for recording attorney communications at Leavenworth Detention Center.

The claims or causes of action that were or could have been asserted and could form the basis for an issue on appeal by Plaintiffs, Defendants, or the Settlement Class Members are hereby released. The release contained herein does not affect the rights of Settlement Class Members who timely and properly opted out of the Settlement Agreement, nor does it affect the rights of any non-Settlement Class Member.

The Court retains jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the release contained in the Agreement. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to, orders enjoining Settlement Class Members from prosecuting claims that are released pursuant to the Settlement Agreement.

## V.   PLAINTIFFS' MOTION FOR FEES, EXPENSES AND INCENTIVE AWARDS

Plaintiffs move the Court for an award of $498,800 to be paid from the common fund, such amount consisting of: attorney fees in the amount of $455,300; expenses in the amount of $33,500, and $10,000 in class representative incentive awards to be divided equally between the two named Plaintiffs.

Under Rule 23(h), in a certified class action the Court may award reasonable attorneys' fees and nontaxable costs which are authorized by law or the parties' agreement.  Class Counsel will receive an attorney fee of $455,300, which is 31% of the common fund. For the reasons stated on the record, the requested fee is reasonable as a percentage of the common fund.

Plaintiffs and Class Counsel also seek reimbursement of litigation expenses totaling approximately $33,500, the bulk of which is the expense of hiring the Settlement Administrator to coordinate the class notice campaign and disburse settlement funds.  Because these expenses are of the type routinely charged to paying clients, Plaintiffs are entitled to an award reimbursing them for these costs.

Class Counsel also request class representative incentive awards in the amount of $5,000 each for named Plaintiffs Greg Rapp and Ashley Huff.  The Court has reviewed the affidavits of Plaintiffs submitted with the motion, and finds the requested awards to be fair and reasonable in light of the Plaintiffs' involvement in this litigation.

For the reasons set forth on the record and as detailed above,

**IT IS THEREFORE ORDERED BY THE COURT** that the eight Class Members' Objections are **overruled and denied** and Plaintiffs' Motion for Final Approval of Class Action Settlement (Doc. 171) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Attorney's Fees, Expenses and Class Representative Incentive Awards (Doc. 158) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: <u>January 28, 2020</u>

       S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE